(75 App. Div. 593.)

## HOLT v. FLEISCHMAN.

(Supreme Court, Appellate Division, First Department.   November 14, 1902.)

1. DEEDS—COVENANTS—PLEADING—RESTRICTION.
Where a grantor owned adjoining lots in the resident portion of New York, and, by deed conveying a part of the property, covenanted that, whenever she or her heirs or assigns should improve such adjoining lots, such improvement should consist in the erection of one or more first-class dwelling houses, the fronts of which should be placed on a line with those of other houses erected and referred to, such covenant was a covenant running with the land, and bound a subsequent grantee of such adjoining lots with notice.

2. SAME—CHARACTER OF BUILDING TO ERECT.
A covenant in a deed binding grantor and her assigns, on improving adjoining lots, to erect one or more first-class dwelling houses, is not broken by the erection of a seven-story apartment house.

3. SAME—EASEMENTS—NOTICE—RECORDS.
Plaintiff's grantor, owning several adjoining lots, conveyed a part of the property to plaintiff under a deed containing a covenant providing that, on the improvement of her adjoining lots, the houses erected thereon should be on a line with the fronts of the present adjoining houses annexed thereto, which deed was duly recorded; and defendant acquired title to such adjoining property under a deed in partition between the heirs of such prior grantor. *Held,* that defendant was bound to take notice of the record of plaintiff's deed, and was therefore bound by the restrictive covenant therein contained, imposing an easement on the adjoining property.

4. SAME—ENFORCEMENT OF COVENANT.
Where plaintiff erected a dwelling house on property conveyed by deed containing a covenant that the improvement of adjoining property owned by the grantor should be by dwelling houses erected on the building line, the fact that the street subsequently became a business street did not deprive plaintiff, while occupying her residence as a dwelling, of her right of enforcing the covenant.

Appeal from special term, New York county.
Action by Margaret C. Holt against Joseph Fleischman to restrain the erection of a building on defendant's property in violation of an

¶ 1. See Covenants, vol. 14, Cent. Dig. § 67.

alleged easement. From a judgment dismissing the complaint (74 N. Y. Supp. 894), plaintiff appeals. Reversed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles G. Bennett, for appellant.

David B. Ogden, for respondent.

PATTERSON, J. This is an appeal from a judgment dismissing the complaint in an action in which the relief sought is a perpetual injunction to restrain the defendant from erecting on premises adjoining those of the plaintiff an apartment house, or any building not a first-class dwelling house, or a building on any line in front of the line of the plaintiff's house, and that it be decreed that the defendant shall take down and remove any building or part of a building which he may erect, or permit or cause to be erected, in violation of a covenant asserted to be binding upon him. It seems that in 1866 Ann Bushnell owned a piece of land, of about 155 feet in width, fronting on Twenty-Ninth street, east of Fourth avenue. On July 19, 1866, she conveyed to Perley Holt the easterly 20 feet of that land, now 105 East Twenty-Ninth street. In the deed to Holt is a covenant in these words:

"And whereas, the party of the first part [Ann Bushnell] is still the owner of the land situated on the westerly side of and adjoining the premises hereby conveyed, and has thus an interest in securing performance of the covenants hereinafter expressed: Now, therefore, the said parties hereto, for themselves and their respective heirs and assigns, do mutually covenant, promise, and agree as follows: First, the party of the second part hereby covenants that he will erect upon the lot hereby conveyed a first-class dwelling house, covering the whole front of said lot, and will place the front of said dwelling on a line with the fronts of the present adjoining houses next easterly thereto, and will not leave any alleyway upon said lot, nor place or permit any outside privy or any stable upon the same; secondly, the party of the first part [Ann Bushnell] hereby covenants that, whenever she or her heirs or assigns shall improve her said adjoining lot or lots on 29th street, such improvement shall consist in the erection of one or more first-class dwelling houses, the fronts of which shall be placed upon a line with those of the other houses aforesaid, and her said lot or lots shall be subject to the same restriction as aforesaid, as to alleyway, outside privy, or stable."

Perley Holt in the year 1866 erected a first-class dwelling house on the premises conveyed to him, and placed the front of his building on a line with the fronts of the adjoining houses. The house so built by him has ever since its erection been used as a family residence, and the title thereto, through various conveyances, became vested in the plaintiff in October, 1899, and she has since then been the owner and in possession of the same. The defendant is the owner of adjoining property on the west of the plaintiff's premises. He took title in January, 1899, and he derives it from the same Ann Bushnell who made the conveyance to Perley Holt, and who entered into the covenants in the deed to him. The complaint alleges and the proof shows that the defendant, at the time this action was brought, began to erect, and that during the pendency of the action he has erected, a large seven-story apartment house on his property adjoining that of the plaintiff, who claims that the structure is in violation of the

restrictive covenant, particularly in that its front extends five feet beyond the line of the houses (of which the plaintiff's house is one) on the easterly side of the defendant's premises. There are also allegations in the complaint that the defendant's building is not of a character authorized to be built, in view of the nature of the covenant in question, and that placing that building five feet in front of the plaintiff's line seriously cuts off the light and air of her house, and injuriously interferes with the comfortable and agreeable use and enjoyment thereof as a dwelling house, and will greatly injure the rental and fee value of the same.

In dismissing the complaint, the learned judge found that the defendant's premises were sold at public auction, under a judgment in a partition suit between the devisees of Ann Bushnell, to Henry Morganthau, who assigned his bid to the defendant, and the defendant took a deed from the referee on payment of the purchase price. The deed contained no reference to the covenant of Ann Bushnell, contained in her deed to the plaintiff's predecessor in title; and the defendant claims that it was not until January 29, 1901, that the existence of the covenant came to his notice. At that time he had obtained and filed in the building department plans for the erection upon the premises of a seven-story apartment house, to cost about $100,-000, which house has since been erected on the land, and the defendant had made a contract for the excavation of the foundation, which had actually been begun, and he was negotiating contracts for the erection of the entire building. The learned judge decided that both covenants contained in the deed from Ann Bushnell to Perley Holt with regard to the erection of first-class dwelling houses upon the property conveyed, as well as upon the property retained by the grantor, were positive covenants, operating only upon the first houses thereafter to be erected on the property, or any part thereof, and that they did not now restrict the plaintiff from erecting upon her land an apartment house like that erected by the defendant upon his, nor did they restrict the defendant, if he should be compelled by mandatory injunction in the present suit to demolish his said apartment house, from immediately re-erecting another in all respects the same; that the covenants in question were intended by the parties to be operative only for a reasonable time after they were made; that more than a reasonable time had elapsed since they were made, and in the interval the character of the street and the surrounding neighborhood has radically changed; that the changes have rendered the covenants inapplicable according to their true intent and spirit; and that there is no proof of any pecuniary damage to the plaintiff, caused by the erection of the defendant's apartment house, whereas the destruction of it, in accordance with the prayer of the complaint, would damage the defendant to the extent of about $100,000.

We are not able to concur with the learned judge at special term in the conclusion he has reached. The covenant in this case was made by Mrs. Bushnell, the owner of a tract of land, for the benefit of her grantees, and also for her own benefit. It is a necessary result of the finding of the court below, that the covenants were operative only as to the first house thereafter to be erected on the

land, that they did not run with the land. That is not a correct view, as we understand it, of the covenant relating to the restricted line upon which houses were to be erected. That covenant, which is the only one requiring consideration (for we do not regard the erection of this apartment house as being a violation of the covenant as to the character of buildings permitted), is one the effect of which was to give easements of light and air to adjoining properties. It is intimated that it was held in Hurley v. Brown, 44 App. Div. 480, 60 N. Y. Supp. 846, that covenants such as those in this case do not run with the land; but the court did not so decide. It only expressed a doubt whether the covenant there considered ran with the land, so as to be enforceable against a subsequent grantee. It did not decide the point, but it did expressly hold that, where there was a restriction against building within 20 feet of a particular line, there could be no question of the efficacy of that restriction. See, also, Levy v. Schreyer, 27 App. Div. 282, 50 N. Y. Supp. 584; Zipp v. Barker, 40 App. Div. 1, 57 N. Y. Supp. 569, affirmed in 166 N. Y. 621, 59 N. E. 1133.

The position that the covenant was satisfied when the plaintiff's predecessor in title built his house, we cannot assent to. It was not within the contemplation of the parties in making the covenant that one might erect a structure in accordance with the terms of the covenant, and then, immediately it was finished, destroy it and erect another in violation of the covenant. Nor is this a case which may be said to fall within the decision in Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365. If this is a binding covenant, not satisfied or released by the acts of the parties or otherwise, the plaintiff would be entitled to protection against a violation of it. In the case last cited it is said:

"Now, having before us a covenant binding the defendant, and his breach of it, if there is nothing more, the usual result must follow, namely, an injunction to keep within the terms of the agreement; for the case would come under the rule laid down in Tipping v. Eckersley, 2 Kay & J. 264, thus: If the construction of the instrument be clear, and the breach clear, then it is not a question of damage; but the mere circumstance of a breach of covenant affords sufficient ground for the court to interfere by injunction."

In that case the court held that the exercise of the authority to restrain by injunction was within its discretion, and where there had been a change in the character of a neighborhood, such as to defeat the object and purposes of the agreement, and render it inequitable, and deprive the owner of the privilege of conforming his property to that character, such relief would not be granted; and it was further held that a contingency having happened, not within the contemplation of the parties, which imposed upon the property a condition frustrating the scheme devised by them, and defeating the object of the covenant, so far, at least, as the defendant was concerned, thus rendering its enforcement oppressive and inequitable, a court of equity would not decree such enforcement. But in the case of Rowland v. Miller, 139 N. Y. 103, 34 N. E. 767, 22 L. R. A. 182, the court explained the principle of the Columbia College Case, and said:

"There it appeared that the contract which the plaintiff sought to enforce was no longer of any value to it, and that its enforcement would result in

great damage to the defendant, without benefit to any one. Here the plaintiff has the right to occupy her residence as a residence, and in such occupation to have the protection of the restrictive agreement. She has never violated the agreement herself, or consented to or authorized or encouraged its violation by others."

It was held in the Rowland Case that, although most of the lots in the block in which the property then in question was located were no longer used for residences, that furnished no reason why the plaintiff should be deprived of her right still to occupy her lot as a residence, and in such occupation to have the protection of the covenant. That is the exact situation here.

It is urged by the respondent that the restrictive covenant is not binding upon him, because he never had notice of its existence, and there was nothing disclosed which would put him upon inquiry before he completed his purchase and took title to the land. In Trustees v. Lynch, 70 N. Y. 440, 26 Am. Rep. 615, the restrictive covenant was declared to be a right in perpetuity, going with and attaching to the land in the hands of all subsequent grantees taking title with notice of its existence; and many authorities are cited to sustain the proposition that, where an equity is attached to property, in order to bind a purchaser with that equity he must have notice of it. Thus in Tulk v. Moxhay, 2 Phil. Ch. 774, it is said that, "if an equity is attached to property by the owner, no one purchasing with notice of that equity can stand in a different situation from the party from whom he purchased." The language of courts and judges has been very uniform and very decided upon this subject, and all agree that whoever purchases lands upon which the owner has imposed an easement of any kind, or created a charge which would be enforced in equity against him, takes the title subject to all easements, equities, and charges, however created, of which he has notice. See, also, Acer v. Westcott, 46 N. Y. 384, 7 Am. Rep. 355; Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652; Society v. Brennan, 148 N. Y. 661, 43 N. E. 173. But in the case now before us there was that upon record which gave the purchaser notice of the existence of the restrictive covenant which operated to give Perley Holt an easement of light and air over the restricted area of the plaintiff's premises. The covenant was contained in a deed of adjoining property which came from the same grantor, the source of the defendant's title. In 1866 Ann Bushnell owned the whole plot of 145 feet. The defendant takes from her devisees. In examining the title, it was to be found that in 1866 Ann Bushnell, the owner of the whole tract, conveyed a portion of it, retaining another portion for herself. Her deed to Holt was recorded, and contained the covenant which restricted the portion of the land retained by her. Thus there was placed on record a deed which separated her ownership of the whole tract, and which deed, had it been inspected, would have at once disclosed the fact that the premises retained by Ann Bushnell were burdened with the easement in favor of her grantee. If that easement had been created by an independent agreement between Mrs. Bushnell and Perley Holt, and placed upon record, can it be doubted that the record would have been notice to a purchaser? In Bradley v. Walker, 138 N. Y. 291,

33 N. E. 1079, an agreement with restrictive covenants appearing of record was held not to be notice to a purchaser, but only because that particular agreement was not entitled to be recorded by reason of defects in its acknowledgment as an instrument relating to real estate. Here the agreement is contained in a deed, an examination of which would be suggested by ordinary prudence. It separated the ownership, and should have been looked to, to ascertain whether restrictions or limitations were imposed upon that portion of the property still retained by the grantor.

While the deed from Ann Bushnell to Perley Holt is not directly within the defendant's chain of title, yet it is intimately related to the land retained by Mrs. Bushnell when she made the covenant. We think the existence of this deed, with the covenants, upon the record, must be regarded as constructive notice to the defendant. It is true that the specific enforcement of the covenant binding the defendant not to build beyond the line of the plaintiff's house rests within the discretion of the court, but, upon this record, we see no reason for withholding the relief to which the plaintiff was entitled when this action was begun.

The judgment appealed from should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

INGRAHAM, J. I concur with Mr. Justice PATTERSON. At common law an easement or right in real property could be created by grant, and, when once such easement or right was thus created, the fact that a purchaser of the servient estate took it without knowledge of the grant was no defense to an action brought to enforce it. The defendant's grantor, when seised of this property, covenanted by a deed conveying the adjoining premises that, whenever she or her heirs or assigns should improve this property, such improvement should consist in the erection of one or more first-class dwelling houses, the front of which should be placed upon a line with the front of the other houses; that is, a line upon which the grantee of the adjoining premises covenanted to place the front of his buildings. The effect of this grant was that the owner of real property made a grant containing a covenant affecting the property then owned by the grantor. But for the recording act, there could be no question but that this grant bound the property of the grantor, and vested in the owner of the adjoining property a right to enforce this covenant, whether a grantee of the property had notice of the grant or not. The conveyance in which this covenant was contained was a deed duly executed and acknowledged, containing all the requisites of a grant, and bound the party to it, and "her heirs and assigns." By the recording act (1 Rev. St. p. 756, § 1) it is provided that every conveyance of real estate shall be recorded in the office of the clerk of the county where such real estate shall be situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded. It is only because of the provision of this statute that the question of notice

was material, but the deed containing the covenant was duly recorded in the office of the register of the county of New York, where the real estate was situated, and thus the provisions of this section do not apply. In Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409, an agreement had been entered into by P. and A., who were the owners of adjacent lots in the city of New York, whereby it was provided that either party, his heirs or assigns, might erect a certain party wall, the center line of which should coincide with the dividing line of their lots.· It was held that this was an agreement that ran with the land, but the defendant there claimed that he took title to the land, without notice of the covenant. Judge Gray, in delivering the opinion of the court, says:

"If the agreement constituted a charge upon the defendants' lands, I think it quite immaterial whether the conveyance of the title to them expressed their subjection to the agreement or not. The fact could not be changed, and the plaintiffs could not be deprived of any right which they may have derived through such an agreement by an omission in the deed to the adjacent owner; and of this agreement the defendants had constructive notice from its public record, if they did not have actual notice."

In discussing the question as to whether the covenant in that case was one running with the land, he said:

"The question whether a contract having relation to lands is personal, or whether it constitutes a charge upon the lands, obviously must be determined by a consideration of the expressed intentions of the parties, and of the existence of any interest in the land raised by force of its covenants. Words of grant are not essential to create the. interest, and a covenant may be construed as a grant."

In Hart v. Lyon, 90 N. Y. 663, the court held that such an intention was expressed because the instrument creating the covenant bound the heirs and assigns of the grantor. This grant, creating a charge upon real property, duly executed by the owner thereof, and duly recorded, was, under the recording act, notice to all subsequent purchasers of the real estate; and the defendant was thus chargeable with notice of the covenant, and took the estate conveyed to him subject thereto.