### BATES v. LOGELING.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

COVENANTS (§ 103*)—USE OF LAND—NATURE OF BUILDINGS.

    The erection of a six-story elevator apartment house of superior construction, at a proposed rental of about $10 per room, at an estimated cost of $75,000, the front to be of light brick and limestone, constituting a handsome and attractive building, does not violate a covenant not to erect any building except first-class dwelling houses.

    [Ed. Note.—For other cases, see Covenants, Dec. Dig. § 103.*]

Submission of a controversy between Lillian E. Bates and Charles W. Logeling upon an agreed statement of facts. Judgment for defendant.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Walter Loewenthal (Sidney Berheim, on the brief), for plaintiff. Henry A. Blumenthal, for defendant.

CLARKE, J. On October 1, 1866, one Jacob Vanderpool was the owner of certain property situate between Fifty-Seventh and Fifty-Eighth streets and Second and Third avenues, in the city of New York, which he conveyed on said date to Mary H. McEvily by deed containing a covenant that the party of the second part, her heirs, grantees, and assigns, would not erect or permit to be erected on said lots on Fifty-Seventh street any building except first-class dwelling houses. The plaintiff by mesne conveyances is the owner in fee of the premises No. 249 East Fifty-Seventh street, 16 feet 8 inches in width by 100 feet 5 inches in depth; and the defendant by mesne conveyances is the owner in fee of the premises Nos. 233–241 East Fifty-Seventh street, 73 feet in width by 100 feet 5 inches in depth. The properties owned by both plaintiff and defendant are part of the property conveyed by Vanderpool to McEvily.

The defendant has filed plans in the tenement house and building departments of the city of New York for the erection of a six-story elevator apartment house upon his premises above described. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proposed building is to contain six apartments on a floor, to be of superior construction, with telephone service, at a proposed rental of about $10 per room, and is to be erected at an estimated cost of $75,000. The front is to be of light brick and limestone. The plans show a handsome and attractive building. On the north side of Fifty-Seventh street, on this block, there is a bank building, twelve common tenement houses, a throat and nose hospital, a café, one vacant private dwelling house, a boarding house, and a sanitarium. The plaintiff's property is a three-story private dwelling house, the first two floors of which are used for business purposes. On the south side of Fifty-Seventh street there is a schoolhouse and nine common, ordinary, five-story tenement houses. The plaintiff demands judgment restraining the defendant from erecting or constructing upon his premises the said six-story elevator apartment house heretofore described.

This court held in Holt v. Fleischman, 75 App. Div. 593, 78 N. Y. Supp. 647, that the erection of an apartment house was not a violation of a covenant to erect a first-class dwelling house. We think the proposed building, as shown by description and plans, does not violate the restrictive covenant relied upon, and that, if it did, the character of the street has so changed that equity will not enforce the covenant by injunction.

It follows, therefore, that judgment should be entered for the defendant, denying the plaintiff's demand for a permanent injunction, with costs. All concur.

