Submitted on briefs April 5, reversed June 26, 1928.

# LIZZIE A. CULLISON ET AL. *v.* HOTEL SEASIDE, INC.

(268 Pac. 758.)

22

For appellants there was a brief over the name of *Mr. Edw. C. Judd.*

For respondent there was a brief over the name of *Messrs. G. C. & A. C. Fulton.*

BEAN, J.— It will be noticed that the easement granted by the deeds to plaintiffs and their predecessors is couched in general terms and is somewhat ambiguous. Where an easement in land is granted in general terms, without giving definite location and description to it, so that the part of land over which the right is to be exercised cannot be definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. But the location may be subsequently fixed by an express agreement of the parties, or by an implied agreement arising out of the use of a

particular way by the grantee and acquiescence on the part of the grantor, provided the way is located within the boundaries of the land over which the right is granted. In other words, it is a familiar rule that when a right of way is granted without defined limits, the practical location and use of such way by the grantee under his deed acquiesced in for a long time, by the grantor, will operate to fix the location, where the intention is not fairly expressed in the terms of the grant controlling the future location: 19 C. J., p. 972, § 213.

It is stated by Mr. Justice McBRIDE in *Patterson* v. *Chambers-Power Co.,* 81 Or. 328, 341 (159 Pac. 568), " * * it has always been the law that where there is an indefinite grant of an easement of this character, with nothing to indicate that it may be changed or enlarged in the future, the first location and user fixes the limits of the grant." See, also, *Salem C. F. Mills Co.* v. *Stayton W. & D. Co.* (C. C.), 33 Fed. 146, 148.

■ It is shown by the record that the plaintiffs, together with other people camping in the vicinity of Ocean Grove, used the right of way for ingress and egress to and from the lots and the beach without any practical interference, after they purchased the lots until 1924. The plaintiffs pleaded this fact in their complaint and thereby, in effect, assert that the indefinite grant of the easement was fixed by an implied agreement which arose out of the use of the way by the grantees, and the acquiescence on the part of the grantor.

We think it was the intention of the clause referred to in the deeds on the part of Grimes, the grantor, to convey the right of ingress and egress to and from said lots to the county road, and also to the

sea beach. The purpose for which the lots were used at this summer resort, and the use made of this right of way, clearly indicate that it was the intention of Grimes and the expectation of the grantees that these people should have the access to the beach from the lots in a convenient direct way. It is an important inducement held out by Grimes to the purchasers of the lots to buy the same. As we understand the record it was then practically the only means of ingress and egress to and from the lots and beach.

At that time there was marked upon the plat what is now known as Ocean Way, extending through Ocean Grove from east to west. In June, 1902, there was executed by six persons, as the heirs of George K. Grimes, an instrument dedicating to Clatsop County a highway from the bridge over Necanicum Creek, thence in different directions and along Pine Street, now known as Ocean Way, thence westward to the low-tide line of the Pacific Ocean. After that Ocean Way was recognized as a county road and some improvements thereon were made. At the time of the execution of the deeds by Grimes to the various purchasers, it does not appear that there was any county road in or near the west portion of Ocean Grove.

If defendant's construction of the clause should prevail the parties living on First Avenue would be required to go east to Second Street, thence south to Ocean Way, thence west, in order to go to the beach. We do not think that such was the intention of any of the parties in interest. If they are granted the ''right of ingress and egress, to and from the lots by way of the county road and beach,'' we fail

to see that the granting clause would have much if any force.

It is not claimed by the defendant that the plaintiffs are using, or claiming to use, more land than is necessary for the exercise of the easement granted: See 9 R. C. L., p. 791, § 48.

■ The easement in question is appurtenant or appendant to the lots conveyed by Grimes, or the dominant estate, and passed with it, as an incident thereof, the land over which the right of way or easement is granted, or servient tenement, is burdened therewith: Washburn on Real Property (3 ed.), p. 340; Washburn on Easements (2 ed.), p. 32, subd. 12.

■ Purchasers of the lands from Grimes over which he had granted an easement, the deeds to which had been duly recorded, took their title with constructive notice of the grant of the easement: *Patterson* v. *Chambers-Power Co.,* 81 Or. 328, 341 (159 Pac. 568).

The majority rule is stated in 16 A. L. R. in an annotation at page 1013, thus:

"The weight of authority is to the effect that if a deed or a contract for the conveyance of one parcel of land, with a covenant or easement affecting another parcel of land owned by the same grantor, is duly recorded, the record is constructive notice to a subsequent purchaser of the latter parcel."

See, also, *Holt* v. *Fleischman,* 75 App. Div. 593 (78 N. Y. Supp. 647); *Lowes* v. *Carter,* 124 Md. 678 (93 Atl. 216).

The decree of the Circuit Court is reversed and one will be entered in favor of plaintiffs as prayed for in their complaint.

REVERSED AND DECREE ENTERED.