Argued January 3; reversed January 31, 1933

# BECK ET AL. *v.* LANE COUNTY
### (18 P. (2d) 594)

*Calkins & Calkins,* of Eugene, for appellants.

*Eugene V. Slattery,* Deputy District Attorney, of Eugene (Alta King, District Attorney, of Eugene, on the brief), for respondent.

BEAN, J. At the close of plaintiffs' case the trial court granted an involuntary nonsuit on motion of defendant's counsel, based upon the reasons, first, that the complaint fails to state a cause of action, as it fails to describe the easement; second, that it shows the easement was by and with the consent of the Willamette Pacific Railroad Company, the railroad which received the conveyance from Charles B. Morgan, and that the evidence does not support the complaint.

The complaint describes the plaintiffs' land and also describes the right of way, which is a branch line, extending from Eugene to Marshfield, of the Southern Pacific Company, the present owner, subject to the rights of Lane county and the plaintiffs' right of easement.

The complaint, referring to the easement, in paragraph V alleges:

"That appurtenant to the land of these plaintiffs, and belonging to the said plaintiffs, as an appurtenance to the said land, is an easement which has been owned and enjoyed by the plaintiffs and their prede-

cessors in ownership of said land for more than seventeen years last past, and since the construction of said railroad, which easement consists of an underground crossing across the right of way of said railroad company, and beneath its tracks to the Siuslaw River, connecting plaintiffs' said land with, and furnishing an outlet to, the Siuslaw River, and to plaintiffs' docks and landing facilities on the said Siuslaw River, large enough to furnish the plaintiffs and their predecessors in ownership with easy transportation from said land to the said Siuslaw River for the delivery of logs, and for loaded wagons, trucks, automobiles, and all ordinary modes of conveyance, which said easement the plaintiffs and their predecessors in ownership of said land have been enjoying and in possession of from the year 1913, when said railroad was constructed, up to about the first day of January, 1930, when said easement was appropriated by the defendant and the State Highway Commission of the State of Oregon, all of which was at the time of said appropriation, and is, well known to the plaintiffs herein.''

Paragraph VI of the complaint is as follows:

''That said easement was pursuant to agreement between the Southern Pacific Co. and plaintiffs' predecessors in ownership of said land during all the said time, kept up and maintained for the benefit of these plaintiffs and their predecessors and for the benefit of said land, by the said Southern Pacific Company.''

The complaint also alleges that it is the duty of Lane county to acquire by donation, purchase, agreement or condemnation the right of way for such highway. The plaintiff showed from a written agreement that:

''The state and county jointly and severally agree to indemnify and save harmless the company from any and all claims, demands, expense or damage arising

out of the violation of any covenants, conditions or reservations contained in any deed or deeds by which property affected by this agreement has been acquired by the company, caused by the construction and/or maintenance of the said Siuslaw Highway, and also to reimburse the company on account of any additional expense to which it may be put in complying with any such covenant, condition or reservation.''

The defendant by its answer admits several paragraphs of the complaint, and as a further and separate answer alleges, in substance, the conveyance from Charles B. Morgan to the railroad company and particularly the clause of the deed above quoted, and alleges that the railroad company is the owner of the right of way described in plaintiffs' complaint; that the location of said crossing at grade was not requested by plaintiffs' predecessors; that neither plaintiffs' predecessors in title nor plaintiffs have ever had a crossing at grade of said railroad property from their premises to the premises described in the complaint, and that the railroad company has granted the right to construct that portion of the highway over said lands of plaintiffs and that the construction of the highway has greatly increased the market value of plaintiffs' property; that plaintiffs have the same access to the old Eugene-Florence Highway from their property that they formerly enjoyed and that the construction of the new highway, as alleged, has not deprived plaintiffs of convenient access to said old highway. The reply put in issue the new matter of the answer.

The defendant contends that the complaint does not state a cause of action. A careful examination of the same leads us to the contrary conclusion. It describes plaintiffs' land, describes the railroad right

of way and states that appurtenant to plaintiffs' land is an easement which had been owned and enjoyed by plaintiffs and their predecessors for more than 17 years; that it consists of an underground crossing across the railroad right of way and beneath the railroad company's tracks to the Siuslaw river, and also that the easement was pursuant to an agreement between the Southern Pacific Company and plaintiffs' predecessors in the ownership of the land. It sufficiently describes the easement claimed so that the same can be located conveniently, and while it claims that the roadway has been used for several years it also gives the source of plaintiffs' predecessor obtaining same. 7 Standard Enc. of Procedure, 966, §§ 1 and 2. There was no demurrer or motion to make more definite and certain directed to the complaint. The deed from Charles B. Morgan to the railroad company was introduced in evidence, containing the stipulation or covenant above set forth, and we think that it brings before the court the construction of such stipulation.

 A person owning a piece of land and selling a portion thereof may, for the benefit of his remaining land, impose upon the land granted any restrictions, not against public policy, that he deems fit. 7 R. C. L. 1114, § 30. A reservation or covenant in a deed may create an easement in gross or appurtenant to be determined by the terms of the instrument and the intention of the parties ascertained from a consideration of all the circumstances surrounding its execution and a practical construction of the instrument given by the parties themselves by their conduct. The courts favor the construction as an appurtenant rather than in gross. The term "heirs" is not necessary to convey an estate in fee simple and the conveyance is

deemed to be a fee simple estate unless a contrary intent appears in express terms or is necessarily implied by the grantor. *Tone v. Tillamook City,* 58 Or. 382, (114 P. 938); *Ruhnke v. Aubert,* 58 Or. 6, (113 P. 38). The reservation of an easement in a deed carves a new estate out of that granted and is therefore to be construed as a regrant or reconveyance of the estate so reserved. *Ruhnke v. Aubert,* supra. It is well settled that where an easement in land is granted in general terms without giving definite location, the location may be subsequently fixed by an implied agreement arising out of the use of a particular way by the grantee and acquiescence on the part of the grantor for a long time. *Cullison v. Hotel Seaside, Inc.,* 126 Or. 18, (268 P. 758); *Patterson v. Chambers Power Co.,* 81 Or. 328 (159 P. 568); 19 C. J. 972, § 213. This rule is usually applied to the location of the easement as to its lateral situation.

■ In regard to the location of the roadway in question "at grade" it is evident that the stipulation in the deed from Charles B. Morgan to the railroad company was, as to this feature, a stock form. If the roadway had been constructed over the fill of the railroad company it would doubtless have cost several hundred dollars. We see no reason why the interested parties, Charles B. Morgan, the predecessor of plaintiffs, and the railroad company could not by common consent or agreement construct a roadway on different or lower grade. It was evidently to the advantage of the railroad company and also to the Beck land. The county was a stranger to that transaction and is not in a position to question the action of the parties themselves whereby they gave the stipulation a practical construction and evidently provided for the road-

way by agreement. Although it was constructed slightly different from the written stipulation, it was done after the writing was executed and the variation was made by consent as is often done in the performance of construction contracts. The stipulation in the right of way deed is now an executed covenant. The county is not in a position to object to this arrangement.

■ Where the owner of land enters into a covenant concerning the land or its use, and thereby subjects it to an easement, the covenant is construed the same as an express grant and by the same rules of carrying out the intention of the parties; or, as otherwise expressed, words sounding in covenant only, may operate by way of grant of an easement, wherever it is necessary to give them that effect in order to carry out the manifest intention of the parties. 9 R. C. L., 749, § 18; *Hotchkiss v. Young*, 42 Or. 446, (71 P. 324).

■ As an exception may be created by words of reservation, little reliance can be placed upon the language used in the deed in determining whether the right is by way of exception or by way of reservation. A reservation may be construed as an exception to effect the obvious intention of the parties, or vice versa. 19 C. J. 913, § 100.

■ The doctrine that in strictness an easement cannot be created by exception or reservation has but little if any standing in America. In this country it is usually held that the right may be the subject of a reservation, and in many cases courts of high standing have held that it may properly be the subject of an exception in a grant. A reservation of an easement in the deed by which the lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the

grantee of the lands. Such easement reserved by deed is ordinarily deemed to be appurtenant to the land of the dominant estate. Adhering to strict rules, an easement cannot be created by way of exception, because it is a new right not before existing. But the American courts are now moving in the direction of holding that where the easement is in the nature of an existing right, the stipulation for it will be construed as an exception. It seems that the occupants of the Beck land had access to the river before the construction of the railroad. Sometimes it is held that an easement may be created by an exception, without regard to the question of its previous existence. It is the tendency to disregard technical distinctions between reservations and exceptions, and to construe the language used so as to effectuate the intention of the parties. 9 R. C. L. 751, § 19; 19 C. J. 911, § 98; *United States Pipe Line Co. v. D. L. & W. R. R. Co.,* 62 N. J. Law 254 (41 Atl. 759, 42 L. R. A. 572) ; 2 Devlin on Deeds, (3d Ed.) 1504, § 835.

As we view it, the basis of plaintiffs' right is founded upon the stipulation or reservation in the right of way deed from Morgan to the railroad company. At that time the buildings and nearly all of the land of the grantor were located on the north of the proposed railroad and the grantor had and used free access to the Siuslaw river, which was the main artery of traffic at that time. It is almost unthinkable that Morgan would convey a right of way to the railroad company to shut off the major portion of his premises from the river and thereby practically destroy the value of the same without intending to make a reservation of the right of way from his premises to the river and docks.

■ All of the circumstances existing at that time tend strongly to show that it was the intention of both parties, as expressed in the stipulation, to reserve a right of way from the Beck land to the river, and it is not necessary that the occupants of the premises have no other access to their land. *Teachout v. Capital Lodge, I. O. O. F.*, 128 Iowa 380 (104 N. W. 440); *Callan v. Hause*, 91 Minn. 270 (97 N. W. 973, 1 Ann. Cas. 680); 19 C. J. 908, § 94.

Much is said in regard to that part of the stipulation in the right of way deed that the roadway shall be built where the grantor shall show to be necessary for access to the use of his lands, but this portion of the stipulation has been executed by the construction of the roadway by the railroad company. The provision that the crossing shall be deemed to be practicable by the chief engineer of the company is in exactly the same category. The roadway, as constructed, was satisfactory to the owner of the Beck land and to the railroad company, so that disposes of and complies with this part of the stipulation.

■ In short, the owner of the Beck land by a stipulation or reservation in his right of way deed to the railroad company created an easement across the railroad for the benefit of his remaining land. The railroad right of way thereby conveyed passed to the railroad company encumbered by the easement, so covenanted or reserved, and the right and burden thus created passed to and was binding upon all subsequent grantees of the respective properties, including the county of Lane. 19 C. J. 910, § 97. Those covenants which are held to run with the land, and to inure to the benefit of the assignee, are such as generally affect the land itself, and confer a benefit on the grantor. 7 R. C. L. 1104, § 20; *Gulf C. & S. F. Ry. Co. v. Smith,*

72 Tex., 122 (9 S. W. 865, 2 L. R. A. 281). Covenants running with the land are very frequently embodied in railroad contracts. 7 R. C. L. 1109, § 25; *Ford v. Oregon Electric R. Co.,* 60 Or. 278 (117 P. 809, Ann. Cas. 1914-A, 280, 36 L. R. A. (N. S.) 358).

■ The predecessor in interest of plaintiffs having stipulated for and reserved an easement as means of ingress to and egress from the Beck premises, it is not essential that they show a way of necessity. 2 Tiffany on Real Property, (2d Ed.) p. 1303.

■ The county has pleaded that the railroad company has granted the right to construct that portion of the highway over the lands of plaintiffs, but it should be remembered that the railroad company could grant only that which it owned, and it could not convey plaintiffs' rights. The railroad company has evidently complied with its stipulation in the right of way deed and was careful to indemnify itself against all damages caused by a breach of the covenants, conditions or reservations contained in its deed of right of way caused by the construction of the highway. This indicates, to a certain extent, that the railroad company recognized the right of plaintiffs in the execution of the contract with the county and also that the county recognized that plaintiffs claimed some right to the roadway. However that may be, in the grant of the railroad company to the county of the right of way or its consent to the construction of the highway, the county was bound to notice the stipulation contained in the deed from Charles B. Morgan to the railroad company, which was a matter of record.

It appears that the railroad company, pursuant to its custom at all crossings over a railroad, posted a sign on this passageway: "No thoroughfare; private

property * * *." Whatever the purpose of this notice might be, it is clear that the railroad company could not annul its stipulation with plaintiffs' predecessors in title, and we think such notice has no important bearing in the case.

If, by the construction of the county highway, plaintiffs' land was so interfered with by the county as to amount to a taking or destruction of his property, without compensation, plaintiffs would have a right of action. *Kerns v. Couch,* ante p. 147 (12 P. (2d) 1011, 17 P. (2d) 323).

As we view the case, it is unnecessary to consider the question of adverse possession, except in so far as the use of the roadway strengthens the meaning of the stipulation contained in the right of way deed. As the evidence tended to show, the stipulation in the right of way deed was not inconsistent with the right claimed by the plaintiffs and their predecessors but was strictly in conformity therewith. As we understand the record, the learned trial judge gave little credence to the stipulation in the deed on account of the provision that the roadway should be constructed "at grade."

Under all the circumstances and situation of the property referred to in the covenant and with reference to the other land of the grantor, we think the testimony tended to show plaintiffs were the owners of an easement or roadway under the railroad and tended to support the allegations of plaintiffs' complaint. The case should have been submitted to the jury.

The judgment of the circuit court will be reversed and the cause remanded for a new trial.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.