On appellant's petition for reconsideration filed September 29, 1993, reconsideration allowed; opinion (122 Or App 440, 858 P2d 164) modified and adhered to as modified January 26, petition for review denied May 10, 1994
(319 Or 80)

## CHEVRON PIPE LINE CO.,
a Delaware corporation,
*Appellant,*

*v.*

## Donald DE ROEST,
*Respondent,*

*and*

## JOHN DOES 1 THROUGH 10
and Corporations A Through Z,
*Defendants.*

(900561; CA A72903)

868 P2d 1

John H. Kottkamp, Kottkamp & O'Rourke, Stephen R. Thomas and Moffatt, Thomas, Barrett, Rock & Fields, Chartered, for the petition.

George W. Kelly, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

Reconsideration allowed; opinion modified and adhered to as modified.

De Muniz, J., dissenting.

**ROSSMAN, P. J.**

Plaintiff has filed a petition for review of our opinion, 122 Or App 440, 858 P2d 164 (1993), in which we affirmed the trial court's ruling denying plaintiff a permanent injunction that would require defendant to remove fill material and heavy equipment from plaintiff's pipe line easement. We treat the petition as one for reconsideration, allow it, and modify our opinion to correct a factual error. We adhere to our opinion as modified.

The primary thrust of the petition is to bring to our attention two factual inaccuracies. In our opinion, we said that the easement in question had been conveyed by three deeds and that the easement is subject to a rider. Plaintiff now points out that only two of the deeds affect the subject property, and that only one of the deeds affecting the subject property contains the rider. We modify our opinion accordingly. That does not change our conclusion, however, that the existence of the rider shows that the original parties to the easement contemplated that the servient tenement was "used as part of a sawmill operation in connection with which substantial quantities of lumber and other inflammatory products accumulate and may be piled in close proximity to said pipeline," and that the record does not show whether the use to which defendant has put the property is more intense than that which the original parties to the easement contemplated. 122 Or App at 446.

■ As the Supreme Court said in *Jones v. Edwards*, 219 Or 429, 347 P2d 846 (1959), the servient owner

" 'is privileged to make such uses of the servient tenement as are not inconsistent with the provisions of the creating instrument,' and in the application of this principle the servient owner's use of his land 'may vary as the respective needs of himself and the owner of the easement vary.' 5 Restatement, Property (Servitudes) 3027, § 486." 219 Or at 434.

■ Defendant's use of the property is permitted so long as it is not inconsistent with the provisions of the deed granting the easement. Plaintiff has not shown that defendant's use of the property burdens the easement beyond the

use that the original parties contemplated, or that defendant's needs have changed so as to require an accommodation of those changed needs.

Reconsideration allowed; opinion modified and adhered to as modified.

**De MUNIZ, J.,** dissenting.

I agree with the majority's decision to allow reconsideration in this case. For the reasons expressed in my dissent from the original opinion, I would withdraw our original opinion and reverse the trial court.