Argued and submitted November 10, 1993, reversed in part; otherwise affirmed December 14, appellant's motion for reconsideration filed December 28 allowed by opinion, and respondents' motion for reconsideration filed December 29, 1994, denied by opinion February 15, 1995

See 133 Or App 107 (1995)

# John Cleven TOOKER,
*Appellant,*

*v.*

# Ellis FEINSTEIN
and Patricia Feinstein,
husband and wife,
*Respondents.*

# (91-3362-E-3; CA A78452)

886 P2d 1051

Mildred J. Carmack argued the cause for appellant. With her on the briefs was Schwabe, Williamson & Wyatt.

Ervin B. Hogan argued the cause for respondents. With him on the brief were Joseph E. Kellerman and Blackhurst, Hornecker, Hassen.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals a judgment declaring that defendants may maintain a retaining wall that they constructed within their driveway easement across plaintiff's property. On *de novo* review, ORS 19.125(3), we affirm in part and reverse in part.

Plaintiff and defendants own adjoining lots in the High Oaks Subdivision in the City of Medford. The lots are situated on a hill, with defendants' lot uphill from plaintiff's. By deed and subdivision plat, defendants have an easement across the northern portion of plaintiff's land to obtain access to a local street. The easement, which is described by metes and bounds, is 50 feet wide at the western edge of plaintiff's lot and 95 feet wide at the eastern edge of the lot, at the property line between plaintiff's and defendants' lots. Sometime before 1990, an asphalt road was constructed within the easement.

In 1991, both plaintiff and defendants began building houses on their lots. Defendants asked plaintiff for permission to build a 37-foot-long, 3-foot-high retaining wall on plaintiff's property, but within the easement, in order to support a driveway on defendants' lot. Plaintiff denied permission. Defendants proceeded to build the retaining wall anyway. Plaintiff filed this action to enjoin the construction of the retaining wall and to obtain damages for trespass. According to the allegations of the complaint, the retaining wall is beyond the scope of the easement and unreasonably interferes with plaintiff's use and enjoyment of his property.

At trial, defendants' expert, a professional civil engineer, stated his opinion that installation of fill or a retaining wall on the easement across plaintiff's property was necessary to provide a reasonably convenient driveway to defendants' property, and that the retaining wall would not impair plaintiff's ingress and egress to the common driveway. Plaintiff testified, on the other hand, that the retaining wall was *not* necessary, because defendants could have constructed a reasonably level new driveway by cutting into the hillside. Defendants' contractor testified that cutting into the hill would have been prohibitively expensive and, therefore, impractical. Plaintiff testified that defendants' retaining wall

would impair his use of his property by forcing him to approach his own parking area on an unreasonable grade. Plaintiff's landscape architect testified that the wall stands in the way of the optimal development of plaintiff's property. Plaintiff's building contractor testified that removing defendants' retaining wall would cost approximately $2,100.

The trial court found that the property on which defendants' home is located is very steep, and that the only practicable way of ensuring reasonable access to their home by way of the easement is the erection of a retaining wall to provide lateral support for the paved driveway located within the easement. Accordingly, the trial court concluded that defendants have the right to maintain a retaining wall within the easement on plaintiff's property. However, as a compromise to ensure maximum access by plaintiff to the driveway, the court ordered defendants to remove 20 feet of the 37-foot wall. It then declared that defendants have the right to make improvements, including the installation of a fill bank on plaintiff's property *outside* the easement, to support the 20-foot portion of the driveway no longer supported by the retaining wall.

Plaintiff contends that the trial court erred in failing to order the removal of the entire wall. According to plaintiff, there are four reasons for removing the wall. Plaintiff first argues that the wall is not necessary to defendants' use of the driveway easement. Plaintiff argues that defendants could have located the driveway further to the north, by cutting into the hillside.

An easement owner is limited to those uses of the easement that are reasonably necessary for the easement's intended purpose. *State Dept. of Fish and Wildlife v. Kortge*, 84 Or App 153, 158, 733 P2d 466, *rev den* 303 Or 534 (1987). The owner of the servient estate also has a right to make reasonable use of his or her land, *Ericsson v. Braukman*, 111 Or App 57, 62, 824 P2d 1174, *rev den* 313 Or 210 (1992), and his or her rights and those of the dominant tenant are mutually limiting. *Chevron Pipe Line Co. v. De Roest*, 122 Or App 440, 445, 858 P2d 164 (1993), *mod* 126 Or App 113, *rev den* 319 Or 80 (1994). On the other hand, easements are burdensome by their very nature, and the fact that a given use imposes a hardship upon the servient owner does not, in

itself, render that use unreasonable or unnecessary. Ultimately, whether or not a particular use or act is reasonably necessary depends upon the factual circumstances of each case. *Jewell v. Kroo*, 268 Or 103, 106, 518 P2d 1305 (1974); *Miller v. Georgia-Pacific*, 48 Or App 1007, 1016, 618 P2d 992 (1980).

■ Based on our review of the record, we conclude that the trial court was correct. The evidence clearly shows that cutting into the hillside to relocate the driveway to a different location within the easement is impracticable from both an economic and an engineering standpoint, and that the only reasonable way to provide lateral support for a driveway into defendants' garage on the hillside above plaintiff's lot is the construction of a retaining wall.

■ Plaintiff next argues that the entire wall should be removed, because it is outside the scope of the "real" boundaries of the easement, which have been "fixed" by the construction and use of the 20-foot-wide road that is located within the larger area described by metes and bounds. Defendants argue that the scope of the easement is determined by its metes and bounds description in the deed and subdivision plat, not by the construction of a temporary road. We agree with defendants.

■ ■ In some cases, the location and mode of use of an easement may be limited, subsequent to the initial grant, by the grantee's use of a particular way and the grantor's acquiescence in that use. *Cullison et al v. Hotel Seaside, Inc.*, 126 Or 18, 23, 268 P 758 (1928). We note, however, that such limitation or "location" of an easement occurs only when the easement is described

> "in general terms, without giving definite location and description to it, so that the part of land over which the right is to be exercised cannot be definitely ascertained * * *." 126 Or at 22. *See also Jones et ux v. Edwards et ux*, 219 Or 429, 437, 347 P2d 846 (1959); *Beck v. Lane County*, 141 Or 580, 589, 18 P2d 594 (1933).

In contrast, where the language of the instrument granting the easement is clear, that language, and only that language, decides the easement's limits. *Minto v. Salem Water Co.*, 120 Or 202, 210, 250 P 722 (1926).

There is nothing indefinite about the location of the easement burdening plaintiff's lot. Although the instrument creating the easement describes an area that may be larger than is absolutely necessary to accomplish the easement's purpose, it describes the easement in precise metes and bounds. Where the easement's limits are thus fixed by the precise and unambiguous language of the grant, we cannot find an implied limitation that conflicts with that language. In short, the trial court did not err in finding that the existing asphalt roadway does not "locate" the easement.

■　　Plaintiff's third argument in support of its contention that the entire wall must be removed is that its current location violates a subdivision restriction that no structures may be built within 15 feet of a property line. Defendants respond that plaintiff did not plead any violation of that subdivision restriction and that the matter was not preserved at trial. We agree.

Although plaintiff's original complaint contained an allegation that the construction of the retaining wall violated the restrictive covenant, that allegation was dropped from the amended complaint. Plaintiff argues that the issue nevertheless was tried by consent. *See* ORCP 23B. He points to the fact that the text of the restriction was admitted into evidence, without objection, and that evidence of defendants' violation similarly was admitted into the record without objection. The trial court, however, expressly ruled that the question of any violation of the setback requirement was not properly before it. No one assigns error to that ruling.

■　　Plaintiff's final argument in support of his contention that the entire wall should be removed is that it is higher than the city code allows. According to plaintiff, a city ordinance requires a building permit before construction of walls in excess of four feet high. Plaintiff argues that, because the evidence shows that the retaining wall is from five-and-one-half- to seven-feet high, measured from the bottom of the footing (beneath the surface of the lot) to the top of the wall, it is undebatable that defendants have violated the city code. Defendants argue that the assignment was not preserved.

The record is not entirely clear as to whether plaintiff's argument was, in fact, preserved. The trial court originally sustained defendants' objections to any testimony on

the subject of the city code, on the ground that the issue was not properly before it. However, later in the trial, the court allowed testimony on the subject, ostensibly on the ground that defendants had themselves raised it. We assume for the purposes of discussion that the issue has been preserved. We nevertheless reject plaintiff's argument.

■ To begin with, the evidence is not as plaintiff characterizes it. Of the 37-foot-long retaining wall that lies within the easement on plaintiff's property, between three inches and "possibly up to a foot" are as tall as plaintiff suggests. The other 36 feet of the wall are three-and-one-half-feet tall, well within the city code requirements. The testimony to which plaintiff refers in complaining about a wall that is up to seven feet high refers to a retaining wall that is located on *defendants'* property, which is not in dispute in this lawsuit. We do not understand how the height of the wall located on defendants' property provides a basis for concluding that the wall located within the easement on plaintiff's property violates the code. Likewise, we do not understand why a possible violation of the code concerning perhaps one foot of the wall within the easement requires the demolition of the balance of the wall, which was constructed in conformance with the code.

■ Moreover, although we certainly have the authority to enjoin the construction of a structure that violates a city ordinance, it does not necessarily follow that evidence of a violation *requires* such an injunction. We apply basic principles of equity, balancing the relative hardships to the parties. *Frankland v. City of Lake Oswego*, 267 Or 452, 478-79, 517 P2d 1042 (1973). In this case, in the light of the very small portion of the wall that might be in violation of the city code, the absence of any evidence of harm that results from that possible violation, the cost of removing the offending portion of the wall and the potential adverse impacts on defendants' ability to use their easement, we decline to require the removal of the wall on the basis of the asserted violation of the city code.

■ Plaintiff argues that the trial court erred not just in failing to remove the entire wall, but also in allowing defendants to place fill dirt on plaintiff's property outside the easement, in order to support the portion of the driveway

above the area where the court ordered 20 feet of the retaining wall removed.[1] Defendants do not really respond to that argument, except to say that what the trial court did was reasonable.

We agree with plaintiff that the trial court exceeded the scope of the easement when it permitted the maintenance of a fill bank on plaintiff's property outside of the easement. Although that may have been a practical compromise to the parties' dispute, it violates plaintiff's right to the exclusive use and possession of land he owns in fee simple, land that is not subject to the easement. *See Brusco Towboat v. State Land Bd.*, 284 Or 627, 637, 589 P2d 712 (1978); *Bergsvik v. Bergsvik*, 205 Or 670, 682, 291 P2d 724 (1955). On *de novo* review, we reverse that portion of the trial court's judgment.

■ We acknowledge that the parties, particularly plaintiff, are left with a problem, albeit one of their own making. The trial court has ordered the removal of a 20-foot section of the wall, and no one has assigned error to that portion of the judgment. We cannot, therefore, order the entire wall to remain intact, for that would permit defendants relief that they have not requested on appeal. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991), *aff'd* 118 Or App 517, *rev den* 318 Or 24 (1993). Meanwhile, our reversal of the trial court's decision to allow the creation of a fill bank to support the portion of the driveway no longer

---

[1] At least that is what we understand plaintiff's argument to be. The assignment of error itself is not entirely clear. It says:

"The trial court erred in undertaking to itself 'engineer' an easement instead of determining the parties' respective rights in the easement."

By itself, that assignment does not really tell us precisely how the trial court erred; that is, it does not describe what it is about the trial court's decision that did not constitute a determination of the "parties' respective rights in the easement."

The verbatim portion of the record that plaintiff quoted as the trial court's erroneous ruling lends no assistance. Plaintiff quotes the following as the trial court's error:

"Well, unfortunately, I guess I am going to be engineering an easement for them. It wasn't done originally."

That comment was not, in fact, a ruling of the trial court. It was a comment that the court made in the middle of trial, during the testimony of defendants' engineer, who had just testified about the difficulties of providing defendants access within the scope of the easement. Failing to set out accurately the text of the trial court's erroneous ruling is not helpful to us. It requires us to search the record for the actual error that is the subject of the assignment. We should not have to do that. *See* ORAP 5.45(3) and (4).

supported by the 20-foot section of wall leaves that portion of the driveway without lateral support. That means that, if plaintiff does not want the driveway eventually to wash into his living room, it is likely that he will either have to put in a fill bank or erect his own retaining wall.

At first blush, it may seem inequitable for plaintiff to face the possibility of bearing the cost of supporting defendants' driveway. However, it must be remembered that defendants originally constructed the retaining wall entirely within their easement and at their own considerable expense. It was plaintiff who objected to having any retaining wall put in place and demanded that the entire wall be removed. It was in response to that objection that the trial court ordered half the wall removed and the fill bank created, as an attempted compromise solution. Under those circumstances, it is not inequitable to require plaintiff to deal with the consequences of his own actions, that is, having to choose either to leave defendants' retaining wall in place or to pay for some alternative method of providing lateral support.

Judgment allowing defendants to maintain fill bank on plaintiff's property outside of easement reversed; otherwise affirmed.