On appellant's motion for reconsideration filed December 28, 1994, motion allowed; opinion (131 Or App 684, 886 P2d 1051) modified and adhered to as modified; respondent's motion for reconsideration denied February 15, petition for review denied April 25, 1995 (321 Or 94)

John Cleven TOOKER,
*Appellant,*

*v.*

Ellis FEINSTEIN
and Patricia Feinstein,
husband and wife,
*Respondents.*

(91-3362-E-3; CA A78452)

889 P2d 1356

Mildred J. Carmack for appellant's motion.

Joseph E. Kellerman for respondents' motion.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff moves for reconsideration of our opinion, 131 Or App 684, 886 P2d 1051 (1994), in which we held that defendants could maintain a portion of a retaining wall constructed within their driveway easement across plaintiff's property. Defendants move for reconsideration of our decision to uphold the trial court's order to remove part of the retaining wall.

■ Plaintiff first argues that there is a factual error in our opinion concerning his fourth assignment of error, in which he argued that we should require defendants to remove the retaining wall that they constructed entirely within their access easement located on plaintiff's property, because the retaining wall had been constructed in violation of a local ordinance. According to plaintiff, the ordinance requires a permit to be obtained before the construction of a wall that is in excess of four feet in height, measured from the bottom of the footing, and defendants built their retaining wall in excess of that height without first obtaining a permit. We said that the record revealed that all but a small portion of the wall within the easement was only three-and-one-half feet high, and that, in the light of that small violation and the absence of any evidence of harm that resulted, the trial court correctly concluded that it would be inequitable to require defendants to tear down their retaining wall.

Plaintiff now contends that the uncontradicted evidence is that more than a small portion of the wall exceeds the four-foot limit. We have carefully reviewed the testimony. It does suggest that something more than a small portion of the wall within the easement is higher than four feet. However, the testimony does not say how much of the wall is higher than four feet. All that it says is that at one end the wall is three-and-one-half feet and at the other end it is five-and-one-half feet, with an additional portion of a few inches that is higher. Presumably, at some point in between, the wall exceeds the limit provided in the ordinance.

On reconsideration we assume, therefore, that some substantial portion of the wall is higher than four feet, and that defendants built it without a permit. We nevertheless conclude that the record contains no good reason to require

defendants to tear the entire wall down. As we said in our original opinion, we apply basic principles of equity, balancing the relative hardships of the parties. *Frankland v. City of Lake Oswego*, 267 Or 452, 478-79, 517 P2d 1042 (1973). In this case, even assuming that a substantial portion of the wall was constructed in violation of the ordinance, there is no evidence that any hardship to plaintiff has resulted. In his reconsideration motion, plaintiff concedes that "[t]here [is] * * * no evidence of any specific harm that has so far resulted from the lack of a building permit for the wall." He argues that he has suffered harm by being deprived of "the assurance that compliance with the building code is supposed to provide," namely, that the wall will not fall down. There was, however, no evidence that the wall was improperly constructed, no evidence that the wall will fail in the future, and no evidence that plaintiff's property is in any danger of suffering damage of any sort. On the other hand, there is the significant cost that defendants have incurred in building the wall, the additional costs of tearing the wall down, plus the potential adverse impacts on defendants' ability to use their easement if the wall were to be removed. On reconsideration, therefore, we adhere to our decision not to require defendants to remove the entire retaining wall.

■ Plaintiff next asks for "clarification" of our disposition of his second assignment of error. In our original opinion, we rejected plaintiff's contention that, although the location of the driveway easement across his property has been precisely described by metes and bounds in his deed, nevertheless, we should hold that the real boundaries of the easement are limited to an asphalt access road that runs through the area. Plaintiff contends that our opinion "announces a new rule of law" that is contrary to established authority. Plaintiff argues that, at the least, we should clarify our opinion, because we referred to the asphalt access road at one point as a "temporary road." According to plaintiff, the road was not, in fact, temporary, and our use of the term with respect to the access road significantly affects the potential breadth of our "new rule of law."

Plaintiff's premise—that we have announced some new rule of law—is mistaken. The rule we applied is at least as old as *Fendall v. Miller*, 99 Or 610, 615, 196 P 381 (1921), in

which the Supreme Court held that if the grant describing an easement "is specific in its terms, it is decisive of the limits of the easement." The cases on which plaintiff relies in asserting a rule that actual use describes the boundaries of an easement are limited to grants that are ambiguous or indefinite. *E.g., Cullison et al v. Hotel Seaside, Inc.*, 126 Or 18, 22-23, 268 P 758 (1928). No one has argued that the description of the driveway easement in this case is in any way ambiguous or indefinite.

As for our reference to the "temporary" nature of the access road that was constructed within the easement, we attach no particular significance to the use of the term. We refer to the road in that way because, as the trial court also found, the evidence shows that the access road was not constructed to provide access to defendants' lot and that it had to be modified to provide reasonable access to that lot, in accordance with the terms of the easement.

■ In any event, it matters not whether we described the access road that was constructed within the described easement as "temporary" or "permanent." The rule is the same in either case: When a grant of an easement "is specific in its terms, it is decisive of the limits of the easement." *Fendall v. Miller, supra*, 99 Or at 615.

■ Defendants ask us to reconsider our decision not to disturb the trial court's decision to require removal of a 20-foot section of the retaining wall. We predicated our decision on the fact that no party had asked us to do otherwise. Defendants now, for the first time, request that we modify the judgment and permit the entire wall to remain. Defendants rely on *Booras v. Uyeda*, 295 Or 181, 666 P2d 791 (1983), in support of their request, arguing that allowing the retaining wall to remain would provide them no greater relief than the trial court awarded them. *Booras*, however, does not permit such matters to be raised for the first time on reconsideration. The law, in fact, is to the contrary. *Kentner v. Gulf Ins. Co.*, 298 Or 69, 73-74, 689 P2d 955 (1984).

Appellant's motion for reconsideration allowed; opinion modified and adhered to as modified; respondents' motion for reconsideration denied.