G. W. MILLER, PLAINTIFF AND APPELLANT, v. W. N. VAUGHN, DEFENDANT AND RESPONDENT.

WATER-DITCH—RIGHT OF WAY.—Where the owner of a tract of land granted to another the right of way for a mill-race, to conduct water from a stream above the land to a mill below it, the grantee did not thereby become entitled to use and appropriate the water of a small stream on the land of the grantor, which ran across the line of the race.

IDEM.—A grant of the right of way over land for a mill-race is merely an easement, and not a right to the land over which the race is constructed, nor to water flowing over the land.   Such rights remain with the grantor, and no express reservation is necessary in the deed granting the right of way.

APPEAL from Tillamook County.

On the sixteenth day of August, 1872, the respondent sold and conveyed to W. T. Baxter five acres of land for a

mill-site, and on the same day, by a separate deed, conveyed to him a right of way across his land for a millrace, for the purpose of floating logs and supplying the mill with water, as follows:

"This indenture, made the sixteenth day of August, 1872, between Warren N. Vaughn, of the county of Tillamook and state of Oregon, of the first part, and William T. Baxter, of the same place, of the second part. Whereas, the said parties, at the time of the sealing and delivering of these presents, are rightfully seised in fee a certain piece of land with the appurtenances, in the county of Tillamook aforesaid; and, whereas there is in course of construction a race upon a certain stream of water known as the Kilchis river, the said party of the second part. Now, therefore, know all men by these presents, that I, Warren N. Vaughn, in pursuance of said agreement, and in consideration of the sum of one dollar to me paid by the party of the second part, do hereby give, grant, sell, and convey unto the said William T. Baxter and his heirs and assigns, a right of way in and over the land, the strip of land being of the width of one rod, and running from the east side of said Vaughn's place, thence westerly through said place to the saw-mill of said party of the second part, and the way is and shall forever be of said dimensions; and also, for the consideration above mentioned, the said Warren N. Vaughn do hereby give, grant, sell, and convey to the said William T. Baxter, his heirs and assigns, the right to enter into the said strip of land, to be used as a passage-way as aforesaid, for the purpose of floating logs and supplying water to said mill. The considerations of the above grant are as follows, the parties agreeing before the delivery of this deed: the said Baxter agrees where the race enters and leaves the inclosure of said Vaughn's place, he will construct, or cause to be constructed, a good gate, for the purpose of preventing stock from entering the above-mentioned premises, and keep the same in good repair; the said Vaughn reserves the right of putting fences or bridges across the said race at any point he deems necessary."

At the date of the deed, Baxter had already commenced

the construction of the mill-race from a point on Kilchis river about two and a half miles above the mill, towards the land of Vaughn. The object in making it was to supply the mill with water from Kilchis river, and to float logs down to the saw-mill, and this could only be done by digging the race across the land of respondent,· which was done after the right of way was obtained. Two small streams of water on the land of respondent ran across the line of the mill-race, one of which is known as Vaughn creek, and since its completion, both of them flow into it. After the race was completed, a dam was made at the head of it, to turn the water from Kilchis river into it. The dam only remained a short time, when it was washed away, and since then the mill has been supplied with water during the rainy season of each year from Vaughn creek and the other small streams which flow into the race.

During the time that Baxter remained the owner of the mill, he did not claim to have any right to the water in Vaughn creek, and the understanding between him and the respondent was, that the latter could take it, if he so desired, in a flume across the race and use it as he should think proper. And when Baxter did use it to propel the mill, it was by the license and permission of the respondent. In September, 1874, the interest of Baxter in the mill and its appurtenances, including the mill-race, was sold at sheriff's sale, and became the property of the appellant. For some time after he became the owner of the mill the appellant did not claim the water in Vaughn creek as a right under the deed giving the right of way to Baxter for the mill-race, but finally concluded that he had such right by virtue of the deed. In February, 1879, the respondent, by constructing a flume across the mill-race at Vaughn creek, diverted the water of that stream from the race into its ancient channel, for the purpose of obtaining water for his cattle. And soon afterwards this suit was brought to restrain him from diverting it, and for damages for the alleged wrongful act.

*Yocum and Clarno,* for appellant.

*Stott & Gearin,* for respondent.

By the Court, KELLY, C. J. :

The deed made by the respondent to Baxter, on the sixteenth of August, 1872, is somewhat informal; but, after all, there is no difficulty in ascertaining what was the intention of the grantor when he made it, and what was actually granted by the deed. By a recital contained in it, it appears that Baxter was then in the act of constructing a race along Kilchis river, and the testimony shows that the place where the water was to be taken from the river was about one and a half miles above the upper end of respondent's land. Baxter was about to erect a saw-mill on a small piece of land which he had purchased on the lower end of the same that belonged to respondent, and the object in making the race was to convey water from Kilchis river to propel the mill, and necessarily to take it across the respondent's land.

By the deed the respondent granted to Baxter, his heirs, and assigns, the right of way over a strip of land, one rod in width, from the east side of his tract of land, to the saw-mill on the west side, to be used as a passage way for the purpose of floating logs to the mill and supplying it with water. The right so granted was an easement, an incorporeal right; a right which was intangible. It was not the grant of a strip of land, nor of any water naturally flowing on the land, but simply the right to dig a race and conduct water in that race across the land of respondent, for the purposes specified in the deed. When an easement is granted, nothing passes as an incident to such grant but what is necessary for its reasonable and proper enjoyment. And notwithstanding the grant, there remains in the grantor the right of full dominion and use of the land, except so far as a limitation of his right is essential to the fair enjoyment of the right of way which he has granted. And it is not necessary that the grantor should expressly reserve any right which he may exercise consistently with a fair enjoyment of the grant. Such rights remain with him because they are not granted. (3 Kent's Com. 420; *Maxwell* v. *McAtee,* 9 B. Munroe, 20; *Lyman* v. *Arnold,* 5 Mason, 195.)

It appears from the deed itself, as well as the evidence in the case, that it was manifestly the intention, both of the grantor, who made the deed, and the grantee, who accepted it, that the right of way was given to enable the latter to conduct the water from Kilchis river, not from Vaughn creek, to the saw-mill. And it would be a perversion of the terms of the grant to say that, because the grantee neglected to repair the dam in the Kilchis river, he thereby acquired the right to supply his mill with water from a stream which never was intended to be granted to him, and which, in fact, never was granted. Even if the respondents had granted fee simple title to the strip of land, instead of simply the right to take water over it, it is questionable whether Baxter, or his assigns, would be authorized to divert the water in Vaughn creek from its natural channel, to the injury of the riparian owners below the race-way. It is sufficient for us to say that no such right exists under the deed of the sixteenth of August, 1872.

The decree of the court below is affirmed with costs.