Argued and submitted November 17, 1980, affirmed in part; reversed in part;
and remanded with instructions February 17,
reconsideration denied March 26,
petition for review denied April 21, 1981 (290 Or 853)

MARSH et al,
*Appellants,*
*v.*
PULLEN,
*Respondent.*

(No. 15389, CA 17097)

623 P2d 1078

John R. Faust, Jr., argued the cause for appellant. On the briefs were Katherine O'Neil, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Thomas C. Peachey, The Dalles, argued the cause for respondent. With him on the brief was Lewis, Foster & Peachey, The Dalles.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This is a suit brought by the owners of an easement to enjoin alleged obstruction of the easement by defendant, the servient owner. The trial court entered a decree granting a partial injunction, but denied other injunctive relief. Plaintiffs appeal and seek a modification of the decree to prohibit all the alleged interferences with the easement.

Plaintiffs farm property known as the Marsh Home Place. Defendant operates a mobile home park on adjacent land in an area called Foley Lakes Property. In 1912, as part of the settlement of the estate of Abel Marsh, the Marsh Home Place was severed from the Foley Lakes Property. At the same time, an express easement was created traversing the Foley Lakes Property to provide access to plaintiffs' farm. The easement was described as follows:

> "It is further understood and agreed that said purchaser shall continue to permit the roadway or gateway heretofore used by deceased and his family and the public to remain and to be used as heretofore upon and across the said premises furnishing a means of ingress and egress to and from the main County Road to the Marsh Home Place, until and unless the same shall be changed or vacated in the manner provided by law ***."

At the time the easement was created, both parcels of land were being farmed. Since the early 1950's defendant and his predecessors have operated the mobile home park.

Plaintiffs allege that defendant has wrongfully obstructed the easement by constructing speed bumps on the roadway, by permitting a cedar hedge to grow too close to the easement and by parking or permitting his tenants to park on the easement.[1] Plaintiffs also seek to have imposed on defendant responsibility for a *pro rata* share of the expenses for repair and maintenance of the easement. The trial court entered a decree permitting defendant to maintain a reasonable number of speed bumps, not to exceed seven inches in height, but denied all other injunctive relief.

---

[1] Plaintiffs made other allegations in their amended complaint, but those allegations were moot by the time of trial.

In an effort to reduce speeding by tenants of the trailer court, defendant installed speed bumps in the easement. Plaintiffs claim that speed bumps unreasonably interfere with their own use of the easement and that they reduce the scope of the easement below that intended by the original grant.

The reservation of the easement provides in general terms only for "a means of ingress and egress to and from the main County Road to the Marsh Home Place." The extent of the easement is not further specifically defined. In *Fendall v. Miller,* 99 Or 610, 615, 196 P 381 (1921), the court stated that where an easement is not specifically defined, "the rule is that it need be only such as is reasonably necessary and convenient for the purpose for which it was created." In *Van Natta v. Nys and Erickson,* 203 Or 204, 278 P2d 163 (1955), the court adopted the following rule for evaluating the use of an easement by the servient owner:

> "If, in view of all the attendant circumstances, the use to which the servient tenement proposes to subject the road is a reasonable one, will not destroy the road and will not deprive the easement owner of the degree of use to which he is entitled, an injunction will not issue against him." 203 Or at 231.

■ ■  Speed bumps are a reasonable means to control the speeding problem on the easement. There was evidence that at a height of eight to ten inches, the speed bumps caused some passenger cars to scrape bottom, and the plaintiffs testified to a concern that loads of stock or hay would shift when crossing such severe bumps (although there was no evidence of any actual damage). We conclude that if limited to a height of seven inches they will not unreasonably interfere with plaintiffs' use of the easement. The decree should also provide that the bumps not be spaced more closely than 200 feet apart and that they be placed only in the road adjacent to the areas actually used for the mobile home park.

■  Secondly, plaintiff argues that the trial court erred in not ordering the removal of a cedar hedge growing along the easement. Plaintiffs claim that the hedge blocks the line of sight required to make entry onto the county road

from the easement safe. The trial court refused to order the removal of the hedge, because there was no evidence that it was physically growing on or was a part of the easement. Plaintiffs concede that there is no evidence of a physical encroachment on the easement, but they urge that a balancing of the hardship to defendant and the relative benefit to plaintiffs require the removal of the hedge. They cite *Tauscher v. Andruss,* 240 Or 304, 401 P2d 40 (1965), but that reliance is misplaced. In that case the easement owner established that there had been an encroachment, and the court concluded that he was entitled to a mandatory injunction ordering its removal unless it would be inequitable. There has been no showing of an encroachment here, so we do not reach the matter of balancing.

Plaintiffs also claim that the trial court erred in not enjoining parking along the easement. The record reveals at least two instances when the easement was blocked to traffic because of parked cars, and on several occasions plaintiffs or their guests had to maneuver around parked cars to travel down the road or had to request that certain cars be moved to permit passage along the road.

■　　　Plaintiffs are entitled to use the easement as a means of ingress and egress without substantial interference. Parked cars on the easement do interfere with their free and unrestricted use of the easement and deprive plaintiffs of a degree of use to which they are entitled by the original grant of the easement. *Van Natta v. Nys and Erickson, supra; see Landauer v. Steelman,* 275 Or 135, 549 P2d 1256 (1976). The decree shall be modified to prohibit any parking that would interfere with use of the regularly traveled part of the easement.

■　　　Finally, plaintiffs claim that the court erred in not declaring that they have a right to maintain the easement and to require a proportionate contribution from defendant for costs of repair and maintenance. Defendant agrees that where both the servient owner and the easement owner use the easement and restoration or maintenance is required, contribution by the servient owner for the costs of repairs and maintenance is allowed. *Van Natta v. Nys and Erickson, supra.* Defendant claims, however, that plaintiffs failed to introduce any evidence that would afford the court

an adequate basis for determining an apportionment of the expenses and that, therefore, computing defendant's *pro rata* share is not possible.

■  In *Van Natta,* there was evidence that could have been used for computing the cost of restoring the road, but there was no basis for segregating the damage which each party inflicted. The case was remanded for entry of a decree for cost apportionment, with further testimony to be taken if required. In this case the record contains evidence that could be used to apportion the cost of maintaining the easement based on the relative approximate use by the easement owner and the servient owner, but, as in *Van Natta,* it is insufficient fairly to apportion costs. Therefore, we will remand for entry of a decree apportioning costs after further proceedings.

Affirmed in part; reversed in part; and remanded with instructions.