Argued and submitted March 12, reversed and remanded with instructions December 8, 1982

ELLIS et ux,
*Appellants,*

*v.*

MUNICIPAL RESERVE AND
BOND COMPANY et al,
*Defendants,*
DURHAM et al,
*Respondents.*

(No. CC80-85, CA A21304)

655 P2d 204

W. Louis Larson, Astoria, argued the cause for appellants. With him on the appellants' brief was Larson & Fischer, Astoria. On the reply brief was Robert C. Moberg, Astoria.

Dan Van Thiel, Astoria, argued the cause for respondents. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs appeal from a decree in a suit to quiet title involving three parcels of land as shown below, adjoining or near Lots 8, 9 and 10, Block 43, of the Cannon Beach Park Extension subdivision.

Parcel 1 is the beach frontage west of lots 8, 9 and 10. Parcel 2, the subject of this appeal, is the beach frontage west of Webb Avenue with approximate dimensions of 60 feet by 120 feet. Parcel 3 is the beach frontage south and west of Webb Avenue and north of Arch Cape Creek. The western boundary of the three parcels is the vegetation line on the Pacific Ocean.

Plaintiffs acquired title to lots 8, 9 and 10 in 1957. Municipal Reserve and Bond Company (Municipal Reserve), was the record titleholder of parcels 1, 2 and 3.

On February 20, 1980, plaintiffs brought suit to quiet title to parcels 1, 2 and 3, naming as defendants Municipal Reserve, its stockholders, unknown heirs of its deceased unknown stockholders and all other persons claiming any right, title, lien or interest in the property. Plaintiffs claimed ownership of the parcels by adverse possession. On March 20, 1980, the trial court entered a default decree against Municipal Reserve and anyone claiming an interest in the parcels under it, quieting title as to those defendants in plaintiffs. On April 18, 1980, the 57 individually named defendants filed an answer denying plaintiffs' claim of adverse possession and making a counterclaim alleging that defendants and their predecessors in interest, through use of the parcels, had established a recreational easement for the public.

At the close of defendants' case, plaintiffs moved for a directed verdict under ORCP 60, alleging that no material issue of fact existed as to their claim of title to parcels 1, 2 and 3, because they had secured a default judgment against Municipal Reserve, the record titleholder, and because the 57 defendants lacked standing to challenge plaintiffs' adverse possession claim. The trial court denied the motion. After trial, the court entered a decree that (1) plaintiffs had established title to parcel 1 through adverse possession, (2) plaintiffs had failed to establish title to parcels 2 and 3 through adverse possession and (3) defendants had established a public recreational easement over parcels 2 and 3.

Plaintiffs' assignments of error relate only to parcel 2. They assign error to the trial court's denial of their motion for a directed verdict.

■ ■ Plaintiffs established title to parcel 2 as a matter of law. Their claim of title to parcel 2 was based on adverse possession against Municipal Reserve, the record titleholder. Parties have standing to assert only their own legal rights, *see Kelly v. Silver,* 25 Or App 441, 452, 549 P2d 1134 (1976), and the only parties with standing to contest plaintiffs' claim were Municipal Reserve, the record titleholder, anyone claiming title under or through Municipal Reserve and anyone claiming title to parcel 2 by some other means. Plaintiffs secured a default judgment against

Municipal Reserve and anyone claiming under or through it. No other party asserted a claim of title to any of the parcels in issue. The other 57 defendants claimed only a prescriptive recreational easement. Because they did not claim title, they have no standing to contest plaintiffs' claim of title to the parcels. Therefore, no party entitled to do so contests plaintiffs' claim of title, and the trial court erred in not granting plaintiffs' motion for a directed verdict.[1]

Plaintiffs also assign as error the trial court's conclusion that the 57 defendants established a public recreational easement over parcel 2. Our review is *de novo*. ORS 19.125(3).

Plaintiffs argue that under ORS 105.677 defendants could establish the elements of a public recreational easement only with evidence of public use of parcel 2 before October 5, 1973. Plaintiffs misinterpret the statute, which states:

"(1)   An owner of land who either directly or indirectly *invites or permits* any person to use his land for any recreational purpose without charge shall not thereby give to such person or to other persons any right to continued use of his land for any recreational purpose without his consent.

"* * * * *

"(3)   Nothing in this section shall be construed to diminish or divert any public right acquired by dedication, prescription, grant, custom or otherwise existing before October 5, 1973." (Emphasis supplied.)

■ This statute must be interpreted in light of the legislative statement of policy in ORS 105.660:

"The Legislative Assembly hereby declares it is the public policy of the State of Oregon to encourage owners of land to make their land available to the public for recreational purposes by limiting their liability toward persons

[1] Plaintiffs' motion for directed verdict was as to all three parcels in issue. Although not argued on this appeal, from what we have said, plaintiffs acquired title to all three parcels by adverse possession against Municipal Reserve and defendants had no standing to challenge that decree. The decree challenged on this appeal cannot stand insofar as it holds that plaintiffs do not have title to parcel 3. Because we hold that plaintiffs established title to parcel 2 as a matter of law, we need not address plaintiffs' second assignment of error, that the trial court erred in concluding that plaintiffs failed to establish their adverse possession of parcel 2 by clear and convincing evidence.

entering thereon for such purposes and, *in the case of permissive use,* by protecting their interests in their land from the extinguishment of any such interest or the acquisition by the public of any right to use or continue the use of such land for recreational purposes." (Emphasis supplied.)

Clearly, the legislature intended ORS 105.677(1) to apply only to permissive uses of private land. In the case at bar, however, defendants claim a prescriptive easement, requiring that they prove their use of parcel 2 was adverse to and not permitted by, plaintiffs. *See Kondor v. Prose,* 50 Or App 55, 59, 622 P2d 741 (1981). Therefore, defendants' evidence of public use of parcel 2 after October 5, 1973, adverse to plaintiffs' rights, was relevant to their claim of a recreational easement.

Before 1976, parcel 2 was generally a swampy area overgrown with bushes and trees. In 1976, plaintiffs had parcel 2 cleared and filled, because they planned to subdivide their property. Shortly before trial of this suit, plaintiffs dedicated to the public a ten-foot wide strip of land along the southern boundary of parcel 2 from Webb Avenue to the beach as a pedestrian easement.

Defendants presented 15 witnesses, who testified to extensive public use of parcel 2 for access to the beach from Webb Avenue. The pedestrian path used changed from time to time. We need not determine whether defendants' testimony was sufficient to establish a public way over parcel 2 through prescription, because plaintiffs have formally dedicated a public pedestrian easement of access to the beach over a portion of parcel 2 adequate to continue the claimed prescriptive use. *See State Highway Comm. v. Bauman,* 16 Or App 275, 280-81, 517 P2d 1202 (1974).

Defendants also alleged a prescriptive public easement over parcel 2 for sunbathing, picnicking and nature studies. For the public to establish a public recreational easement through prescription, the proof must be clear and positive; vague and general testimony is insufficient. *State Highway Comm. v. Bauman, supra.* Defendants' proof was not clear and positive. Defendants' testimony showed that most of the public use of parcel 2 was for access to the beach rather than for any other use. While 13 of

defendants' 15 witnesses testified that they had used, or had seen others use, the area west of Webb Avenue for picnicking, wood gathering or studying nature, use for those activities was sporadic. Further, the testimony of many of the witnesses is unclear concerning whether those activities occurred on parcel 2, parcel 3 or west of the vegetation line. Therefore, defendants failed to establish a public recreational easement by prescription over parcel 2.

Reversed and remanded for entry of a decree that plaintiffs have title to parcels 1, 2 and 3, subject to the dedicated easement ten feet wide over parcel 2 for beach access and that defendants have a recreational easement only over parcel 3.[2]

---

[2] Defendants had standing to assert a recreational easement over parcel 3. The trial court's determination that that easement had been established is not challenged on appeal.