Argued and submitted May 12, affirmed November 15, 2000

Richard CLARK,
*Respondent,*

*v.*

Orville KUHN,
*Appellant.*

(98CV0665; CA A107753)

15 P3d 37

Christopher Keusink argued the cause and filed the brief for appellant.

Jesse Margolis argued the cause for respondent. With him on the brief was Olin & Margolis.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff brought this declaratory judgment action to have the trial court determine the extent of an easement for ingress and egress for defendant's benefit that crosses his property. After the trial court ruled, defendant brought this appeal. We review *de novo*, ORS 19.415(3), and affirm.

Plaintiff and defendant own adjacent property. Access to defendant's property is provided by an easement across the front of plaintiff's property. The easement was created by deed and is defined as "an easement for right-of-way purposes over a strip of land 25.0 feet in width lying adjacent to and on the southerly side of [plaintiff's property]," described in metes and bounds with a fixed location. The easement contains a gravel road that varies between 14 and 20 feet in width that defendant uses to reach his property. Plaintiff's driveway is also connected to the gravel road. Trees line the gravel road on both sides, and there are other natural and man-made obstructions within the boundaries of the easement. Parts of the road are not wide enough to allow two cars to pass each other.

Defendant and plaintiff disagreed about whether defendant could widen the road, whether he could pave the road, and whether he could put a gate across the road. Widening and paving the road would require the removal of trees, large rocks, and a dirt berm placed near the road by plaintiff. The parties' dispute resulted in this litigation.

The trial court, after viewing the property, ruled that the easement was sufficient for ingress and egress, that paving was not necessary and that a few trees would have to be limbed or totally removed in order to allow continued access to defendant's property. The trial court ordered plaintiff to remove a few specific trees and ordered defendant to prune any limbs hanging below 16 feet over the roadway. The court also declared that defendant could widen the road to 16 feet and 18 feet along different sections of the road, as long as the road stayed within the 25-foot easement. Defendant was ordered not to install a gate, and not to remove the large rocks or the dirt berm, in part because the trial court was not convinced that there was sufficient evidence to show that the obstructions were within the boundaries of the easement.[1]

Defendant appeals from the trial court's judgment, arguing that its findings are unreasonable and that it did not take into account the balancing of hardships between plaintiff's servient land and defendant's dominant land interests. Defendant asserts that the standard by which we should review the trial court's decisions is "reasonableness." He contends that, if his requested actions are reasonable, he should be allowed to make them. Plaintiff responds that the driveway as ordered by the court is sufficient to provide defendant with ingress and egress, which is the purpose for which the easement was granted. Plaintiff contends that the standard by which to evaluate defendant's request is whether his proposed changes are reasonably necessary for ingress and egress and whether they would infringe in any significant way on plaintiff's dominion and control over his property.

---

[1] The parties did not offer into evidence a survey of the easement's boundaries. Instead, they presented evidence that the county road next to the easement had a 50-foot easement. They presumed for the purposes of trial that if they measured 25 feet from the center line of the county road, that would be the boundary between the county's easement and defendant's easement, and that if they measured another 25 feet from there, that would be the outside boundary of the easement. The trial court ruled that it could not determine the location of the easement's boundaries from the easement's legal description because doing so would require it to assume that defendant's easement in fact began where the county easement left off, and that the county road was properly placed and centered within the county's easement. We agree with the trial court that the location of the easement's boundaries cannot be ascertained from its legal description without a survey.

 We assume, for the purposes of this appeal, as did the parties, that all of the obstructions that defendant seeks to remove are within the 25-foot strip granted as an easement. The threshhold legal question before us is what legal test we should use to determine whether defendant can make the changes that he proposes. In *Tooker v. Feinstein*, 131 Or App 684, 886 P2d 1051 (1994), *on recons* 133 Or App 107, 889 P2d 1356, *rev den* 321 Or 94 (1995), the plaintiffs (the servient landowners) argued that the court should order the removal of a retaining wall that the defendants had built within the metes and bounds of the easement but outside the part of the easement actually used for ingress and egress. This court examined whether the retaining wall was *reasonably necessary* to the use of the easement for its intended purpose. In making that determination, we said,

"An easement owner is limited to those uses of the easement that are *reasonably necessary* for the easement's intended purpose. The owner of the servient estate *also* has a right to make reasonable use of his or her land, and his or her rights and those of the dominant tenant are mutually limiting." *Tooker*, 131 Or App at 687 (emphasis added).

In other words, an easement holder can make only such use of an easement as is reasonably necessary to accomplish the purpose for which the easement is granted and the remaining dominion over the land upon which the easement lies continues with the servient landowner. *Ericsson v. Braukman*, 111 Or App 57, 824 P2d 1174, *rev den* 313 Or 210 (1992) (holding that the dominant tenant is entitled to use the land in any way he or she wants as long as the use does not unreasonably interfere with ingress or egress). *See also State Dept. of Fish and Wildlife v. Kortge*, 84 Or App 153, 158, 733 P2d 466, *rev den* 303 Or 534 (1987) (the servient landowner is entitled to use its land in any way that does not unreasonably interfere with the easement holders' rights to use the land for its stated purposes). The reasonable necessity of a proposed use of an easement is a fact-based inquiry and must be determined from the circumstances of each case. *Miller v. Georgia-Pacific*, 48 Or App 1007, 1016, 618 P2d 992 (1980). The permissible uses or scope of an easement, as distinguished from its location, may vary depending on what land is necessary

for the fulfilment of the easement's purpose.[2] Here, the purpose of defendant's easement is to provide ingress and egress from the county road to defendant's residence. Thus, the question in this case is whether defendant's proposed changes are reasonably necessary to accomplish the purposes of the easement.

■ Defendant testified that he has had to back up his car to a wider part of the road on 10 to 15 occasions in the past five years to permit another car to pass. On one occasion, defendant's guests sustained damage to an air conditioning unit on their vehicle when a low-hanging branch from one of plaintiff's trees hit it. There is no evidence that vehicles have traction problems on the road or that the road is prone to erosion or flooding. The trial court ruled that the widening of the road in places and the cutting of low-hanging branches was reasonably necessary to allow safe passage for vehicles. To accomplish that ruling, it ordered the removal of some trees. It also required that vegetation be trimmed at the north entrance to the road to provide better visibility. We agree that those provisions of the judgment are consistent with the legal requirement to accommodate the interests of both the easement holder and the servient landowner.

■■ Nonetheless, defendant urges that the 25-foot easement granted to him contemplates a two-lane road and that paving the road "would eliminate dust, would be safer in winter with better traction, would increase the property values and would require less frequent maintenance than gravel." It is clear from the language of the deed granting the easement to defendant from plaintiff's predecessors in interest that the location of the easement is along the southerly 25 feet of plaintiff's property. However, the physical location of the easement does not define the uses of the property by the servient and dominant estate owners. Here, the deed also

---

[2] "When the purpose of an easement is attainable by using less than all the designated area, courts typically require the easement holder to use only as much of that strip of land as is reasonably convenient or necessary." Jon W. Bruce, *Law of Easements and Licenses in Land* § 7.02[5] (1995). *See, e.g., Hyland v. Fonda,* 44 NJ Super 180, 183, 129 A2d 899 (1957) (when grant of easement is for "roadway" and physical description is of strip of land 25 feet wide, easement holder can be restricted to use of existing 9- to11-foot-wide road).

defines the scope of the easement; the easement is for "right-of-way purposes." Thus, the stated scope of the grant of the easement acknowledges the right of plaintiff to make use of the 25-foot strip so long as that use does not interfere with defendant's right of way to his property. As the court said in *Miller v. Vaughn*, 8 Or 333, 336 (1880),

> "When an easement is granted, nothing passes as an incident to such grant but what is necessary for its reasonable and proper enjoyment. And notwithstanding the grant, there remains in the grantor the right of full dominion and use of the land, except so far as a limitation of his right is essential to the fair enjoyment of the right of way which he has granted."

On this record, it cannot be said that a two lane road is *essential* to defendant's ingress and egress to his property. Although the relatively few times in a five-year period that a motorist on the driveway has had to back up his or her car to permit another car to pass may have posed a temporary inconvenience, those brief interruptions in the use of the easement do not rise to the level of an interference with defendant's fair enjoyment of the driveway. On the other hand, the widening and paving of the driveway to 25 feet will require the removal of numerous trees on plaintiff's property, thereby causing a material interference with the enjoyment of his property. We hold that the trial court correctly rejected defendant's requests that the driveway be widened and paved at this time.

Finally, defendant seeks the right to install a gate on plaintiff's property. He argues,

> "Defendant has had unwanted trespassers on his property. He desires a gate at some distance from his home to prevent theft and trespassing. There is no turnaround between Plaintiff's entry to the easement and Defendant's property line. Placement of the gate just beyond the point of entry of Plaintiff's would allow [the] parties to turn around."

According to the record, defendant has installed a gate on his own property near the property line between his property and plaintiff's property. In *Ericsson*, 111 Or App at 62, we said, "A gate across an easement may be permitted if 'the

reasonable use of [the servient estate] makes such gates necessary.' " (quoting from *Jones et ux v. Edwards et ux*, 219 Or 429, 433, 347 P2d 585 (1987)). We are not persuaded that a second gate, which would impose additional burdens on plaintiff's property, is necessary for the protection of defendant's property. We are aware of nothing in the record that would prevent defendant from creating a turnaround for vehicles in front of a gate on his own property.

Defendant's other arguments do not warrant discussion.

Affirmed.