Argued and submitted April 15, Summit High School, Bend, reversed and remanded in part; otherwise affirmed August 28, petition for review denied December 3, 2002 (335 Or 104)

INGLE BUTTE RANCHES, INC.,
an Oregon corporation,
and Kim Lemons,
*Respondents,*

*v.*

Mark FRONAPEL
and Theresa Fronapel,
*Defendants,*

*and*

CITY OF MT. VERNON,
*Appellant.*

Mark FRONAPEL,
Theresa Fronapel
and City of Mt. Vernon,
*Counterclaim Plaintiffs,*

*v.*

INGLE BUTTE RANCHES, INC.,
an Oregon corporation,
and Kim Lemons,
*Counterclaim Defendants.*

98-10-235CV; A112336

53 P3d 453

Marc T. Anderson argued the cause for appellant. With him on the opening brief was Foster A. Glass.

Daniel L. Cronin argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

**BREWER, J.**

Defendant City of Mt. Vernon (the city) appeals a trial court judgment upholding both a prescriptive easement in plaintiffs' favor over land owned by defendants Mark and Theresa Fronapel (the Fronapels)[1] and a right to use a bridge that the city built over the same land pursuant to an express easement from the Fronapels' predecessors. Among other arguments, the city asserts that the trial court erred in upholding plaintiffs' right to use the bridge because (1) a prescriptive easement against a municipality is prohibited as a matter of law; (2) the evidence was insufficient to establish a prescriptive easement for plaintiffs to use the Fronapels' land; and (3) the evidence was insufficient to establish plaintiffs' right to use the bridge itself. We review *de novo*. ORS 19.415(3); *Brunswick v. Rundell*, 126 Or App 582, 585, 869 P2d 886 (1994). We reverse and remand in part and otherwise affirm.

The rights at issue were established along a shortcut across the Fronapels' land between two parcels of ranch land owned by plaintiffs. Although the shortcut actually extends over a substantially greater length, the portion in dispute is confined to a crossing at Beech Creek. Beginning in the late 1950s, plaintiffs used the crossing for various purposes. In approximately 1979, pursuant to the terms of an express easement from the Fronapels' predecessors, the city built a bridge directly over the crossing to obtain better access to its sewage lagoons.

After the bridge was built, plaintiffs began using it for some, but not all, of the purposes for which they previously had used the crossing. In 1981, the city placed a gate across the bridge but, sometime thereafter, one of the plaintiffs tore it down. Plaintiffs then used the bridge to transport cattle and for access to an irrigation head gate until the mid-1980s. From then until 1998, plaintiffs used the bridge only for access to the head gate. In 1998, the Fronapels blocked plaintiffs' access to the bridge by placing a gate across one end. Plaintiffs then brought this action against the Fronapels

---

[1] The Fronapels are not parties to this appeal.

and the city, seeking a declaration that they hold a prescriptive easement over the crossing and a right to use the bridge. After a bench trial, the trial court entered a judgment according plaintiffs the "right to take equipment across [the city's] bridge to maintain their head gate," to "take trucks, pickups, tractors, backhoes and other equipment across the bridge and prescriptive easement," and to move cattle and hay across the Fronapels' land and the bridge. The city appeals from that judgment.

We need not dwell at length on the city's first argument, namely, that plaintiffs' claim must fail because a prescriptive right may not be established against a municipality. That argument miscasts plaintiffs' theory. Plaintiffs' complaint did not allege that they had obtained a separate prescriptive easement over the city's bridge. Instead, plaintiffs asserted that they had acquired a prescriptive right in the crossing itself before the bridge was constructed and that the city could not "take away" that right by building a bridge in the same location.[2] At oral argument on appeal, plaintiffs' counsel analogized the construction of the bridge to the "paving" of an easement on the ground. In short, plaintiffs' consistent position, both at trial and on appeal, has been that denying them use of the bridge would improperly impair their preexisting right in the crossing, not that plaintiffs acquired additional prescriptive rights against the city after the bridge was built. Accordingly, we reject the city's first argument.

The city's argument that the evidence did not establish that plaintiffs were entitled to a prescriptive easement to the crossing underneath the bridge also requires little discussion. The short answer is that the city lacks standing to contest plaintiffs' claim to a prescriptive easement over the Fronapels' land. *See Ellis v. Municipal Reserve & Bond Co.*, 60 Or App 567, 570-71, 655 P2d 204 (1982) (holding that parties claiming only an easement lacked standing to contest the plaintiffs' adverse possession claim against the record titleholder).

We turn to the city's contention that the trial court erred in granting plaintiffs a right to use the bridge merely

---

[2] In their brief, plaintiffs repeated the argument that, "[o]nce [a prescriptive] right has been acquired, the government cannot take it away."

because, as the city puts it, the bridge "runs parallel to and above a portion of" plaintiffs' prescriptive easement in the crossing. Although they have disclaimed any separate prescriptive easement in the bridge, plaintiffs' theory of relief requires us to consider what, if any, connection exists between their prescriptive easement in the crossing and their claimed right to use the bridge. Important to our consideration of that issue is the absence of any evidence that the construction of the bridge obstructed or unreasonably interfered with plaintiffs' use of the underlying crossing. Instead, the evidence showed merely that the presence of the bridge made use of the crossing less convenient. Kim Lemons testified that "it's really brushy on each side of the bridge. It's big trees and brush. It's not handy, but I mean, you know, you could do it if you really wanted to."

■     With the foregoing evidence in mind, our inquiry is guided by two fundamental property law principles. The first is that the establishment of a prescriptive easement does not create an exclusive right to use the property encompassed thereby. *Feldman et ux. v. Knapp et ux.*, 196 Or 453, 474, 250 P2d 92 (1952). Rather, in this case, plaintiffs' prescriptive right to use the crossing did not preclude the later conveyance of other rights in the same property, provided that such conveyance did not cause an unreasonable interference with plaintiffs' use. *See Clark v. Kuhn*, 171 Or App 29, 33, 15 P3d 37 (2000) (the servient estate owner retains the right to use the land in any way he or she wants as long as the use does not unreasonably interfere with the easement holder's use); *see also Cape Cod Hospital, Inc. v. Cape Cod Medical Center, Inc.*, 7 Mass App Ct 873, 386 NE 2d 769, 770 (1979) (applying "the long settled rule that a private way may be built over by the owner of the servient estate so long as the bridge does not interfere with or obstruct the reasonable use of the way by the easement holder"). Because the bridge easement did not unreasonably interfere with plaintiffs' prescriptive rights in the crossing, the Fronapels were free to grant that property right to the city.

■     Second, an easement does not extend into the air space above it except as may be reasonably necessary to fulfill its purposes. *See Firebaugh v. Boring*, 288 Or 607, 614, 607 P2d 155 (1980) (recognizing that there is "no practical use for an easement to an empty air space"); *see also Craft v.*

*Weakland*, 174 Or App 185, 188, 23 P3d 413 (2001) (an easement holder's use of an easement is limited to those uses that are reasonably necessary to fulfill the easement's intended purpose); *City of Fairburn v. Cook*, 188 Ga App 58, 60-61, 372 SE2d 245, 248-49, *cert den* (1988) (the physical space occupied by a bridge was not necessary to the use of a prescriptive right-of-way beneath it and, therefore, the easement did not include that space). Plaintiffs have not explained why use of the bridge is reasonably necessary to fulfill the purposes of their prescriptive easement over the crossing, nor does the evidence establish such a reasonable necessity.

■ In sum, the city's bridge easement is a distinct property interest from plaintiffs' underlying prescriptive easement, and its existence has not unreasonably interfered with plaintiffs' use of the crossing. Therefore, in order to establish a right to use the bridge, plaintiffs could not rely merely on their prescriptive easement in the crossing itself. However, they have done no more than that. Because plaintiffs did not assert or establish a cognizable interest in the bridge or its use, they were not entitled to a judgment upholding such an interest.

Reversed and remanded with instructions to enter amended judgment deleting provisions for plaintiffs' right to use city's bridge; otherwise affirmed.