Submitted May 11, 2020; reversed as to declaration forbidding plaintiff from using easement for anything but ingress and egress to her property, otherwise affirmed December 29, 2021

Constance FARRAR,
*Plaintiff-Appellant,*

*v.*

CITY OF NEWBERG,
*Defendant-Respondent.*

Yamhill County Circuit Court
15CV29065; A170004

504 P3d 1282

Cynthia L. Easterday, Judge.

Jeffery S. Frasier and Chenoweth Law Group, PC filed the briefs for appellant.

Jonathan M. Radmacher and McEwen Gisvold LLP filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed as to declaration forbidding plaintiff from using easement for anything but ingress and egress to her property; otherwise affirmed.

## PER CURIAM

Plaintiff filed this action for injunctive relief against defendant, City of Newberg, asserting that the city should be prohibited from paving an easement on her property that the city uses to access water reservoir facilities. After a bench trial, the trial court denied plaintiff's request for an injunction and granted the city's request for a declaration giving the city the right to pave the easement. The trial court also granted the city's request for a declaration prohibiting plaintiff from using the easement for anything other than ingress and egress. On appeal, plaintiff raises three assignments of error challenging both the trial court's decisions surrounding the paving of the easement and declaration prohibiting plaintiff from using the easement for anything but ingress and egress to her property. We summarily reject plaintiff's first two assignments of error relating to the paving of the easement and reverse the portion of the declaration forbidding plaintiff from using the easement except for ingress and egress.

Plaintiff requests that we exercise our discretion to conduct *de novo* review. We decline to do so because this is not an exceptional case. *See* ORS 19.415(3)(b) (providing that "the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record"); ORAP 5.40(8)(c) (limiting *de novo* review to "exceptional" cases).

Plaintiff owns property in unincorporated Yamhill County along Highway 219. The city owns adjacent property that has two reservoirs. A prior owner of the property granted the city an easement in 1984. The express easement provides, in part:

> "The purpose of this easement is to provide ingress and egress for the CITY OF NEWBERG employees, officials, and their agents from Oregon State Highway 219 to the CITY OF NEWBERG's water reservoir facilities, and is not to be construed as a public way or a grant to the general public. ∗∗∗

> "This easement granted above shall be perpetual, however, its continued use and existence shall be dependent upon:

"a.   The CITY OF NEWBERG maintaining and grad-
ing the surface of the entire roadway. All future mainte-
nance and grading of the roadway shall be the responsibil-
ity of the CITY OF NEWBERG.

"* * * * *

"c.   The CITY OF NEWBERG shall make reasonable
repairs and/or reestablish a wire fence that runs adjacent
along the above described easement."

(Uppercase in original.)

In her first and second assignments of error, plain-
tiff asserts that the trial court erred in (1) granting the city's
declaration that the city has the right to pave the easement
and (2) denying plaintiff's request for an injunction prohibit-
ing the city from paving the easement. Specifically, plaintiff
contends that the trial court erred in concluding that the
city's obligation to "maintain" the easement allows the city
to pave the road. Plaintiff further asserts that the evidence
in the record does not demonstrate that paving the ease-
ment is reasonably necessary to accomplish the purpose of
the easement, *viz.*, ingress and egress.

We review the interpretation of an express ease-
ment for errors of law. *Tressel v. Williams*, 291 Or App 215,
222, 420 P3d 31 (2018). In construing an easement, our task
"is to discern the nature and scope of the easement's pur-
pose and to give effect to that purpose in a practical man-
ner." *Watson v. Banducci*, 158 Or App 223, 230, 973 P2d 395
(1999). Whether proposed changes are reasonably necessary
to accomplish the purpose of the easement is a fact-based
inquiry and must be determined from the circumstances of
each case. *See Clark v. Kuhn*, 171 Or App 29, 33, 15 P3d 37
(2000).

Having reviewed plaintiff's arguments on appeal,
the evidence in the record, and relevant case law, we sum-
marily conclude that the trial court's findings regarding the
city's right to pave the easement are supported by evidence
in the record and that the trial court did not commit revers-
ible error in denying plaintiff's request for an injunction and
in granting the city's request for a declaration. In so doing,
we note that a more detailed discussion of the facts and our

analysis in this particular case would not significantly benefit the bench, the bar, or the public.

Turning to plaintiff's third assignment of error, we agree with plaintiff's contention that the trial court erred in granting the city's request for a declaration prohibiting plaintiff from using the easement for anything other than ingress and egress. "The servient estate owner maintains dominion over the easement land and has the right to use that land, as long as that use does not unreasonably interfere with the easement owner's use." *Kalfas v. Adams*, 257 Or App 234, 249, 306 P3d 706 (2013). In this case, there was no evidence that plaintiff riding her horses on the easement or allowing her horses to graze around the easement unreasonably interfered with the city's use of the easement. The trial court's rationale was premised on the belief that the language in the easement "requiring the maintenance of the fences along the easement's border was to prevent animals from obstructing the right of way granted to the City of Newberg." However, there is no evidence in the record to support that rationale. Indeed, as we explained in *Kalfas,* the owner of the easement "is limited to the uses of the easement that are reasonably necessary to satisfy the easement's intended purpose." *Id*. Because the city did not present any evidence that plaintiff's use of the easement with her horses interfered with its right to use the easement, the trial court erred in declaring that the city could forbid plaintiff from using the easement for anything other than ingress or egress.

Reversed as to declaration forbidding plaintiff from using easement for anything but ingress and egress to her property; otherwise affirmed.