346 April 2, 2025 No. 273

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

David J. DeMARTINO
and Rosalie L. DeMartino,
*Plaintiffs-Appellants,*

*v.*

Roger N. ALDERIN
and Nancy Ann Alderin,
*Defendants-Respondents.*

Marion County Circuit Court
20CV27906; A180646

J. Channing Bennett, Judge.

Argued and submitted November 8, 2024.

Justin Thorp argued the cause for appellants. On the opening brief was Steve Elzinga. Also on the reply brief was Larraina Erland.

Garrett T. Urrutia argued the cause for respondents. Also on the brief were Hunter B. Emerick, Daniel S. Reynolds, and Saalfeld Griggs PC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

In this dispute between neighbors regarding an access easement, plaintiffs appeal a judgment entered after a bench trial declaring that there was no substantial interference with their easement rights and dismissing their claims for injunction, trespass, and conversion. In seven assignments of error, they challenge the legal and factual underpinnings of the trial court's ruling. As explained below, we reject all of their arguments except one. We agree with plaintiffs that the court erred in determining that they had not shown substantial interference with their easement where, as a result of a rock that defendants placed by the edge of the roadway to mark a culvert, garbage trucks could traverse the roadway only by driving onto a portion of defendants' property that is outside the easement area. We reverse and remand for further proceedings, including a declaration consistent with this opinion.

We state the facts consistently with the trial court's express and implied findings that are supported by evidence. *Block v. DEA Properties-2 LLC*, 315 Or App 525, 530, 501 P3d 545 (2021). Plaintiffs and defendants live on adjoining parcels; plaintiffs' parcel is south of defendants' and has no direct road access. Plaintiffs' parcel is benefited by a 20-foot-wide express easement that runs along the eastern edge of defendants' parcel. The easement is for utilities and access to plaintiff's home. At all relevant times, there has been a gravel road on defendant's parcel, most of which is located in the western portion of the easement area, which serves as plaintiffs' driveway. Although the court found that "[t]he current roadway situated within the easement provides plaintiffs with adequate access to their parcel," plaintiffs contend, and we agree, that the evidence does not support a finding that all of the current roadway is situated within the easement area. Both parties' evidence shows that one to one-and-a-half feet of the currently existing gravel road is located west of and outside the easement area. In 2019, defendants built a fence alongside the western edge of the gravel road. Thus, moving from west to east, there is a fence line, then one to one-and-a-half feet of gravel roadway outside the easement area, then the gravel roadway located

within the easement area, then the remainder of the 20-foot easement area, then the property line.

The impetus for this litigation was defendants' placement of rocks in two places, which plaintiffs claim interfere with their access. First, partway down the gravel road, defendants have placed a single large rock just off the eastern edge of the gravel near a hole (that is also just off the eastern edge of the gravel) created by a culvert. That rock creates a pinch point, *i.e.*, a portion of the roadway that is narrower than the rest. At that pinch point, the gravel road is 11 feet 10 inches wide (measured from the western edge of the rock to the fence), of which at least one foot is located outside the easement area. Second, near where the gravel road meets the public road, defendants have placed a line of relatively large rocks that reduces the width of that part of the gravel road.

After a bench trial on plaintiffs' claims for declaratory judgment, injunction, conversion, and trespass, the court determined that neither the single rock by the culvert nor the line of rocks near the public road unreasonably interfered with plaintiffs' use of their easement for access. The court declared that an express easement exists and that "the roadway on the easement as currently situated is sufficient to provide access to plaintiffs' property and cannot be unilaterally expanded by plaintiffs beyond its current use." (Capitalization modified.) The court dismissed plaintiffs' claims for injunction, conversion, and trespass. Plaintiffs appeal.

When an express easement exists and unambiguously defines the easement's location and intended purpose, "the dominant estate holder's right to use the easement is limited to what is reasonably necessary to accomplish the intended purpose of the easement," and "the servient estate holder retains the right to use the burdened property in ways that do not unreasonably interfere with the dominant estate holder's reasonably necessary use of the property." *Sander v. Nicholson*, 306 Or App 167, 174, 473 P3d 1113, *rev den*, 367 Or 290 (2020) (internal quotation marks omitted). "'[T]he dominant and servient estate owners' right[s] to use an easement [are] mutually limiting.'" *Id.* (quoting *Bolduc v.*

*Thompson*, 238 Or App 625, 630, 245 P3d 131 (2010)). The question here is whether defendants' placement of the rocks substantially interfered with plaintiffs' reasonably necessary use of the easement for access.

What is reasonably necessary to accomplish the intended purpose of an express easement "is a fact-based inquiry" but ultimately presents a legal question. *Id*. at 174 n 7 (citing *Bolduc*, 238 Or App at 630[1]). On review of a judgment entered after a bench trial, like this one, "we review the trial court's explicit and implicit findings of fact for any evidence in the record to support them, and the legal consequences of those facts for legal error." *Block*, 315 Or App at 530 (internal quotation marks omitted)).

On appeal, as we understand it, plaintiffs contend that the trial court erred in determining what is reasonably necessary to accomplish access to their home. Plaintiffs argue that the fire code and county development code applicable to the property require a 12-foot-wide access road centered in 20 feet of unobstructed space and that those codes make a complying road reasonably necessary for access to their property as a matter of law. They also argue that the line of rocks near where the easement meets the public road impedes their reasonably necessary use of the easement because, historically, the road was wider there, and it inconveniences them to have to turn more sharply onto the gravel road. And they argue that the single rock near the culvert impedes their reasonably necessary use of the easement because the evidence showed that the garbage company and the fire department were able to use the road for access only by using the part of the gravel road that is outside the easement area. As explained below, we disagree with plaintiffs' first two arguments but agree with the third based on the evidence regarding the garbage company.

---

[1] The pre-2009 version of ORS 19.415(3) applied in *Bolduc*, so our review in that case was *de novo*. *Bolduc*, 238 Or App at 627 n 2. "In 2009, the legislature amended ORS 19.415(3) *** to make *de novo* review in equitable cases discretionary rather than mandatory." *Sjomeling v. Lasser*, 251 Or App 172, 186, 285 P3d 1116, *rev den*, 353 Or 103 (2012) (emphasis omitted). In *Sander*, applying the post-2009 standard of review, we treated the sufficiency of a given constellation of facts to show reasonable necessity or substantial interference as a legal question. *Sander*, 306 Or App at 173, 176 n 9.

We begin with plaintiffs' contention that, as a matter of law, the applicable codes dictate what is reasonably necessary for access to their home. The relevant inquiry is a pragmatic one—the question is what is reasonably necessary to accomplish the purpose of the easement, given all of the circumstances. *See, e.g.*, *Clark v. Kuhn*, 171 Or App 29, 33-34, 15 P3d 37 (2000) ("The permissible uses or scope of an easement * * * may vary depending on what land is necessary for the fulfilment of the easement's purpose."); *id.* at 34-37 (where the purpose of an easement was "to provide ingress and egress from the county road to defendant's residence," the trial court did not err in ruling "that the widening of the road in places and the cutting of low-hanging branches was reasonably necessary to allow safe passage for vehicles," but it was not reasonably necessary to widen and pave the road to accommodate two vehicles along its length or to install a gate); *see also, e.g.*, *Vance v. Ford*, 187 Or App 412, 422, 67 P3d 412 (2003) (the fact that the easement holders "occasionally were required to pull their vehicles to the side of the roadway to allow defendants to pass" was "a momentary inconvenience" that did not substantially interfere with their access; collecting cases); *Marsh v. Pullen*, 50 Or App 405, 409, 623 P2d 1078, *rev den*, 290 Or 853 (1981) (holding that interference was substantial where "on several occasions [the easement holders] or their guests had to maneuver around parked cars to travel down the road or had to request that certain cars be moved to permit passage along the road").

Given that pragmatic focus, we reject plaintiffs' argument that it is reasonably necessary as a matter of law that a road on an access easement comply with any applicable code requirements. There is evidence that the fire district does not enforce the code requirements at issue for existing access roads and that many rural driveways do not fully comply with those requirements. As discussed, the *sine qua non* of reasonable necessity for an express easement is what is necessary to achieve the easement's purpose—which, in this case, means what is in fact needed for access to plaintiff's home. Here, that could be established by the existence of an enforcement action by the county or the fire district, by the receipt of notice from the county or the fire district that

emergency vehicles will not use the road until and unless it complies with the code, or by evidence that the road is in fact too narrow for emergency vehicles to pass. It is not enough, at least on this record, that code requirements exist that are not being met. We agree with the trial court that the code requirements applicable to the gravel road do not, in and of themselves, establish reasonable necessity to widen the roadway.

We next consider plaintiffs' argument that, as a matter of law, defendants have unreasonably interfered with their access by placing a line of rocks near the public road that forces plaintiffs to make a sharper turn from the public road onto the gravel road than they used to have to make. As previously noted, the line of rocks has reduced the width of the roadway in that location. It was undisputed, however, that it remains wide enough for plaintiffs and others to travel over it. The trial court found, and plaintiffs do not contest, that plaintiffs are able to make the turn despite the rocks. On this record, the trial court was not compelled by law to agree with plaintiffs that having to turn more sharply onto the gravel road constituted substantial interference with access.

Plaintiff's final challenge is to the trial court's determination that the rock by the culvert did not unreasonably interfere with access to their home. Based on the uncontested evidence regarding garbage service, we agree. A representative of plaintiffs' garbage provider testified that they request 12 feet of passage, but that there is a "little bit of fudge" there, and that he had measured the distance from the rock to the fence to be 11 feet 10 inches, which is only "two inches off" and "will suffice." The difficulty with relying on that testimony to conclude that the rock by the culvert does not substantially interfere with plaintiffs' access for garbage service, as the trial court did, is that it fails to account for the fence being located more than a foot outside the easement area.

Excluding the part of the gravel road that is not in the easement area, the road width at the pinch point is less than 10 feet 10 inches, and the only reasonable inference from the testimony is that that is not enough for a garbage truck

to pass. That is, to serve plaintiffs' home, the garbage truck must drive onto property outside the easement area (the strip of property between the easement area and the fence). On this record, the trial court therefore erred in ruling that the rock by the culvert does not substantially interfere with plaintiffs' access. *See Sander*, 306 Or App at 176 (the case law does "not suggest that the servient estate owner may compel the dominant estate owner to use property outside of the easement"); *accord Wagner v. O'Callaghan*, 104 Or App 284, 287-88, 800 P2d 309 (1990) (a fence that prevented the easement owners from using the road on the easement by making the usable space too narrow substantially interfered with the purpose of the easement). We reverse and remand for further proceedings, including a declaration consistent with this opinion.

Reversed and remanded.